Judge Owsley
delivered the opinion of the court.
To obtain restitution of a lot of ground in Mountsterling, Dedman sued out from a justice of the peace of Montgomery county, a warrant against Smith and Furguson, for a forcible entry and detainer.
Smith and Furguson having been found guilty of the forcible entry and detainer before the justice, they traversed the inquest of the jury, and brought the cause before the circuit court.
An issue was made upon the traverse and a verdict being found for Dedman, judgment of restitution was rendered by the court against Smith and Furguson. From that judgment they appealed to this court, and by the judgment of this court, that of the circuit court was affirmed.
Upon the affirmance by this court being certified to the circuit court Smith and Furguson applied by petition, to that court, and obtained an order perpetually restraining the emanation of a writ of restitution upon the judgment; *261 and to reverse that order, Dedman has prosecuted this writ of error.
A successful plaintiff in a warrant of forcible entry, should not be restrained from having restitution, because the defendant has recovered judgment in ejectment for the premises.
Claims to real property cannot be thus set off against each other, though pecuniary demands may.
From the petition and exhibits, contained in the records, it appears that there are two lots of ground in the town of Mountsterling, to which each of the parties in this contest assert claim: the one No. 64, for which Dedman obtained judgment for the restitution, and the other, No 37, which remains still in the possession of Dedman; and that subsequent to the emanation of the warrant in favor of Dedman, for the forcible entry and detainer, Furguson caused a declaration in ejectment to be served upon Dedman who was then in possession of the other lot, and caused such proceedings to be had therein as to recover a general verdict and judgment, for his time to come, in, and to, the land and premises demised in the declaration, and finally caused a writ of habere facias possessionem, to issue upon the judgment in ejectment, and possession of the lot now in contest given to Furguson, by the sheriff turning Eli Shortridge out of possession—the court below supposing that the judgment so recovered by Furguson, together with the possession thereunder delivered by the sheriff, ought to preclude Dedman from regaining possession, made the order appealed from, restraining the emanation of the writ of restitution upon the judgment recovered by Dedman on the trial of the traverse taken by Smith and Furguson, to the inquest found before the justice on the warrant of forcible entry and detainer.
The order of the court certainly presents a very singular and novel case, and viewed in any light we have been enabled to consider it, the principle is not perceived upon which it can be sustained. Cases have occurred, where, in the exercise of a controlling power over final process, courts have upon motion, restrained the emanation of writs of execution upon a judgment obtained, against the applicant, upon his remitting upon record his claim of equal extent upon a judgment recovered by him against the person in whose favor the judgment against the applicant was obtained; but those cases have all been exclusively of a pecuniary nature, and none is recollected where such a restraining order has been made in relation to judgments rendered in actions involving either the possession or title of land.—But supposing the reason in each class of cases to be the same, and that in a possible case, it might be proper to restrain the emanation of a writ of restitution. Still we *262 should have no hesitation in affirming, that the judgment obtained by Furguson, in the action of ejectment, cannot have authorised the order made by the court below. From the proceedings and judgment in the forcible entry and detainer, it is obvious, that Dedman was not possessed of the lot in contest, at the commencement of Furguson’s ejectment, nor at the rendition of the judgment therein, but that it was either in the possesion of Smith and Furguson, or some other, holding under them. It results, therefore, that an ejectment could not have been maintained against Dedman to recover the possession of the lot, and as Dedman appears to have held possession of the other lot, it results moreover, that the ejectment brought by Furguson, and the notice warning Dedman, the tenant in possession, to appear and defend the same, must be understood to have been brought for the purpose of investigating the title of the lot of which Dedman was possessed.
A judgm't in ejectment cannot be operative to recover the possession of lands, of which the defendant was not in possession when suit was bro’t—Vid. 1st March 12, Pope vs. Pendergast, acc
A sheriff in executing exceeding a l** f* this authority, neither divesis a right, nor confers one
But were the ejectment designed by Furguson, as well to try the title to the lot of which he and Smith were possessed, as that in the possession of Dedman, it is plain, the judgment must be confined to the latter, and can have no operation as to the former. It is well settled, that to enable a plaintiff, to recover in an ejectment, the defendant must be proven to be possessed of the land in contest; and as possession must be found, it follows, especially as an ejectment is barely a possessory remedy, and cannot be sustained against one not in possession, that the judgment against Dedman, can have no operation as to the lot of which he was not possessed, and which was in the possession of Furguson, the plaintiff in ejectment, or Smith and those claiming under them.
If, therefore, the judgment was inoperative as to the lot now in contest, it is evident that the execution of the writ of habere facias by turning Shortridge out of possession, cannot have authorised the court below, to restrain the emanation of the writ of execution. The writ of habere facias, can have conferred upon the sheriff, no authority to deliver possession beyond the operation of the judgment, and as the judgment was inoperative, as to the lot in contest, the act of the sheriff, in turning Shortidge out of possession, must have been without authority, and consequently should not preclude Dedman from obtaining the possession, under his judgment for restitution.
The order of the court below, must, therefore, be reversed *263 with cost, and Dedman permitted to sue out a writ of restitution upon the judgment recovered by him in the trial of the traverse.
Hardin for plaintiff, Bibb for defendant, in error.