Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered against Bates, the plaintiff in the warrant, on the trial of a traverse taken to the inquest of a jury had under the law regulating the proceedings in cases of forcible entries and detainers.
The only question necessary to be noticed in the determination of the cause, involves, an enquiry into the court’s refusal to award a new trial.
The application for a new trial was made upon the ground of the verdict being against evidence. The warrant was brought for a forcible detainer, and Bates, the plaintiff, proved that Austin leased the premises from him, and occupied, the same and paid rent from year to year, commencing in February; and that in June, prior to the date of the warrant, he applied to Austin to renew, as usual, his lease; but Austin refused, declaring he would no longer hold under him, or pay rent; whereupon Bates demanded possession of the premises, but Austin refusing, Bates sued out the warrant for a forcible detainer. This was all the evidence conducing to the proof of any material fact in contest between the parties.
Were it not for the circumstance of Austin’s disclaiming to hold the premises under Bates, and his refusal there after to pay rent, there could be no question but the finding of he jury would have been correct. In the absence of that circumstance, the evidence would have shewn that Austin held the premises as tenant from year to year, com *271 mencing in February, and, in that case, to have authorised Bates to recover the possession, it would have been incumbent on him to have proven that he had, six months anterior to the expiration of the year, given Austin notice to quit. But considered in connection with the circumstance of Austin’s disclaiming to hold under Bates, we are of opinion the verdict of the jury cannot be sustained.
B. Hardin for appellant, Hardin for appellee.
After disclaiming to hold under the landlord, the doctrine is well settled, that the tenant is not entitled to notice to quit; and although Austin might otherwise have been considered as holding the premises for the year in which the application was made to him to renew the lease, his having, upon that application disclaimed to hold under Bates, and refused to pay rent, and Bates having assented thereto, by demanding the possession, the lease must, by the mutual assent of the parties, be considered as having expired, and, consequently, Austin's refusal thereafter to restore the possession must be considered a forcible detainer, for which Bates is entitled to restitution.
The verdict of the jury, therefore, in favor of Austin, should have been set aside, and a new trial awarded: The judgment must consequently be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.