Opinion of the Court, by
Ch. J. Boyle.
THIS was a warrant sued out by Helm against Hos-kins for a forcible erttry and detainer of land; lying in Shelby county. The jury in (he country found Hoskins guilty, who traversed the inquest and took the case to the circuit court, where an issue was joined upon the traverse. . ‘
On the trial, Helm, who resides in Lincoln county, proved by his agent, that on the 5th of February, 1820, he had leased the land in dispute to a certain - Alexander, for that year, who was then in possession of the land as tenant of Booker, who had sold to Helm; that some time after the expiration of the lease, the agent of Helm had gone to the land, and finding Alexander had left it, , he entered the house, and after remaining there from a quarter to half an hour, went away, leaving no person or property in the house,’hut intended to retain the possession for Helm, and remained in the neighborhood three or four days, with a view of getting some person tó occupy the premises, when he heard that Hoskins had taken possession. -
Hoskins, on his part, produced in evidence a copy of a judgment in ejectment, obtained on the demise of Boon against Booker, at the July term, 1816, of the Shelby circuit court, and a habere facias possessionem issued thereon the third day of February, 1820, with a return thereon by the sheriff, that on the third of March, 1820, he had turned Booker out of possession, and delivered the same to Isham Talbot in his own right, and as attorney for the lessor of the plaintiff; and Hoskins also proved, that Talbot, on the day the sheriff returned that he had delivered the possession to him, leased the premises in dispute to Alexander, for the term of one year; and that after'the expiration of the lease to Alexander, Talbot, by his agent, had leased the premises to Hoskins and put him in possession.
After the evidence was closed,'Hoskins moved the circuit court to instruct the jury in substance, 1st, that Helm had not such a possession as to entitle him io *310 maintain the action; and 2d, that if the, jury were salisfi-^at ^lere been no force used by Hoskins in taking the possession, or in subsequently detaining it from Helm, nor any demand of the possession on the part of Helm, that he could not maintain this action; but the court refused to give these instructions, but afterwards, at the instance of Hoskins, instructed the jury upon the whole case, that Helm could not maintain the action. The jury, however, found a verdict for Helm, and Hoskins moved the court for a new trial; but the court overruled the motion, to which Hoskins excepted, and a judgment having keen rendered against him, he has appealed to this court.
The principal question, is, whether the evidence was sufficient to entitle Helm to recover in this mode of proceeding? And this question mainly turns upon another, namely, whether the judgment and execution in ejectment read in evidence by Hoskins, can have any effect in the case? For if they can have any effect, Talbot must be considered as having thereby lawfully gained a possession in his ovra right, or in the right of the lessor of the plaintiff; and it cannot be admitted, that Talbot could have been disseized, or that Helm Could have regained to himself a possession which would enable him to recover in this action by the transient entry of his agent into the house, and departure therefrom in the interval between the time when one tenant left and another took the possession. But, on the other hand, if the judgment and execution in ejectment are to be treated as having no effect in the case, they cannot justify the entry of Talbot, and he must be considered as having gained the possession by the unlawful attornment of Alexander, the tenant of Helm; and in that case, he and those claiming under him, must- hold the possession as Alexander held it, and be treated as the tenants of Helm. That the judgment and execution in ejectment can have no effect in the case, we apprehend* is clear. The judgment was rendered at the Julj' term 1816, and the execution did not issue until the 3d of February, 1820, above three years after the judgment had been rendered,-nor does it appear that any execution had previously issued; and it is well settled, that a judgment, after a year and a day without execution being issued thereon, becomes extinct, and that no execution can issue thereafter, until it is revived by scire fu- *311 etas. The execution was, therefore, irregularly issued; a®d this irregularity, though it does not avoid the ex- . ecution as to'the sheriff, who may, nevertheless, justify . under it, renders it void as to the plaintiff or his attorney, who is privy to the irregularity. See Tidd’s Practice 936. The judgment, then, having become extinct by the lapse of time, and the execution being void for. irregularity, could not justify Talbot’s entry, and he must be** considered as acquiring and holding the possession by the attornment of Alexander, which not being made in pursuance of an efficient judgment, is void under the act of assembly, and, of course, Talbot and Hoskins, who came in under him, should be treated as the tenants of Helm. Against a tenant after the expiration of his lease, the landlord may unquestionably maintain this mode of proceeding. It is true, there must be a refusal on the part of the tenant-to give up" the possession; but where the tenant claims to hold the possession adversely, as was done in this case, it is sufficient evidence of a refusal.
The j udgment must be affirmed with costs.