## WOOD & OLIVER vs. ELLIS, ADM'R, &c.

1. A judgment, confessed by an attorney, is not void although the letter of attorney be void.

2. Where such a judgment has been revived by *sci. fa.*, against an administrator, it can not afterwards be set aside, although the defect in the letter of attorney might have been pleaded in avoidance of the judgment, or given in evidence under the plea of *nul tiel record* on the *sci. fa.*

## ERROR to Lewis Circuit Court.

GLOVER & CAMPBELL, *for Plaintiffs, insist:*

1st. The warrant of attorney was good to authorize the judgment confessed. See 5 Mass. Rep. 358. In this case the party, by a memorandum at the bottom of the note, acknowledged himself "surety"—was held to be original promissor—also shows an instrument commencing "I promise," but signed by two persons—binds both. 1 Bibb R. 262; see 4 Littell 390. A judgment, literally against one defendant, construed to be valid against both defendants. See 7 N. Hamp. Rep. 232, one seal to a deed was held to be the seal of all the signers. The same case shows it is not necessary the names should appear in the instrument; the *signing* and *sealing* being sufficient. The case in 6 Rand. R. p. 39, proves that a sealed instrument beginning "I promise," and concluding "I bind myself," and signed by two, is the deed of both. See 7 Mass. Rep. 58, to same effect.

2d. The judgment was valid, and ought to have been sustained, had no warrant of attorney appeared. In Denton vs. Noyes, 6 John. Rep. 300, an attorney appeared for a defendant, not summoned, and confessed judgment. The Court say the attorney may be liable, but the judgment can not be set aside. See also 6 Pick. 237, where it is laid down if the record shows the defendant appeared in the case, the judgment is valid, *prima facie*, at least. 1 Binney 214. "The judgment must be affirmed," "an attorney appeared for both parties." In Hills vs. Ross, 3 Dallas 331, the plea ran thus, "the plea of Ebenezer Hills, one of the company of Hills, May & Woodledge, in behalf of himself and partners." There was evidence on the record that May had been in Europe

*Wood & Oliver* vs. *Ellis, adm'r, &c.*

during the whole proceeding—and no warrant of attorney or other authority was shown—held to be an appearance of all the defendants. In 7 Pick. 137, held that notice to take depositions, to an attorney who appeared without any authority, was good. 3 Taunton 485, where the attorney refers a case to arbitration, without authority, the client is bound by the act. In 1 Salk. 86, it is said an attorney's consent binds his client, though contrary to his express orders. If an attorney appear, the Court looks no further. Ib. p. 88, an attorney appeared and judgment was entered against his client, without any warrant of attorney—the Court refused to set the judgment aside. 6 Mo. Rep. 439, shows a judgment good without authority in the attorney.

3d. The points raised upon the motion to set aside, were all sunk and merged by the judgment on the *scire facias*. 1 Cowper 727. That the warrant of attorney was obtained upon a usurious consideration, should be tried on issues made under a *scire facias*. "If *scire facias* be brought on a judgment, defendant may plead *nul tiel record.*" 2 Tidd's Prac. 1184. Now if this judgment was void, there was no record, but the defendant omitting to plead is estopped forever. Ib. 1185; 1 Salk. 93, 264; 1 Strange Rep. 197. Matter pleadable to *scire facias*, is, barred by award of execution—when a judgment has been revived by *scire facias*, the Court has no power to arrest execution on it. 1 John. Rep. 534, note Kent's opinion; see 7 Mo. R. 334.

4th. The motion to set aside a judgment rendered on warrant of attorney, must be supported by affidavit, and must show some ground of defence against the demand, and show some advantage taken of the defendant. 2 Chitty's Gen. Practice 335; 1 Chitty's Rep. 142; 6 John. Rep. 296.

5th. A motion to set aside a judgment obtained on warrant of attorney, is always addressed to the equitable discretion of the Court, and should be permitted to stand as a security for the sum really due. 2 Chitty's Gen. Prac. 335.

6th. The motion, at the time it was made, was barred by time. See R. C. 1845, p. 831, §8; 1 Bibb Rep. 346.

GREEN & STRINGFELLOW, *for Defendant, insist:*

1st. The judgment confessed by Wright, as attorney for Pemberton, is void as to Pemberton, he not having executed the letter of attorney. 18 John. Rep. 363; 15 East. 592; 2 Leigh 630; 2 Tucker's Com. 275; Catlin vs. Ware, 9 Mass. R. 218.

2d. The power of attorney only authorized a judgment against Glenn.

3d. The judgment being void, may be set aside at any time. The statute of *jeofails* does not apply, this being a judgment which requires a warrant of attorney.

4th. The judgment on the *scire facias*, does not affect this case—it makes the judgment no better—and is only a judgment of revivor.

5th. The evidence of this judgment is irrelevant.

SCOTT, J., *delivered the opinion of the Court.*

James D. Glenn and Wm. S. Pemberton, who were indebted by note to Wood & Oliver, executed a power of attorney to U. Wright, S. T. Glover, and J. D. Dryden, or either of them, to confess a judgment in their stead in favor of the said Wood & Oliver, in the Lewis Circuit Court, at the March term thereof, in 1841. This power of attorney was executed both by Glenn and Pemberton, the name of Glenn alone was inserted in

the body of the instrument, it reading thus: "Know all men by the presents, that I, James Glenn, do hereby constitute and appoint," &c., omitting the name of Pemberton, which was subscribed to the instrument as a party thereto.

Judgment was accordingly confessed, and Pemberton afterwards died, and the judgment was revived against John W. Forman, his administrator, who was served with process. Wm. Ellis was afterwards appointed administrator, *de bonis non*, of the estate of Pemberton. Afterwards, in May, 1846, a motion is made to set aside the judgment against Pemberton, on the ground that his name not being inserted in the body of the power, whilst that of Glenn was, it was only the act of Glenn, and that as to Pemberton, although he executed it, it was a nullity. This motion was sustained, and the judgment vacated.

Admitting the rule as stated in the books to be that if there are several obligors, they ought all to be named in the bond, for if a bond be in these words, "We, A. and B., bind ourselves," &c., be also sealed by C., it is not C.'s bond. So a bond in these words, "I, A. B., am bound to C.," although it be signed by D., is not D.'s bond, 1 Tuck. Com. 275, yet it will not follow that the Court did right in vacating the judgment. Motions of the character of that made in this cause, have been substituted for the ancient writ of *audita querula*, which is an equitable action, which lies for a person who is either in execution or in danger of being so upon a judgment, when he has matter to show that such execution ought not to have issued against him, and is of a most remedial nature, and seems to have been invented lest in any case there would be an oppressive defect of justice, when the party has a good defence, but *had* nor has any other means to take advantage of it. 3 Black. Com. 405. It does not lie where there is any other remedy at law by plea or otherwise. And, therefore, where the party had time to take advantage of the matter which he has in discharge of himself, and neglected it, he cannot afterwards be relieved by *audita querula*, as where the plaintiff having obtained judgment against the defendant, and afterwards releases it, and after bringing *sci. fa.* upon the judgment, and the sheriff returns *scire feci*, and the defendant does not appear, and there is a judgment upon it, he cannot have an *audita querula*, for he had time to plead the release upon the *scire facias*, and having neglected it, the law will not relieve him. Fitz. N. B. 104; 1 Sal. 264. So if on a *scire facias* on a recognizance, the party is returned warned, and makes default, he cannot avoid it by *audita querula*, upon the ground that the recognizance was upon condition, which he has performed, or other matter, because he had a day to answer it. Ibid.

'To a *scire facias* to revive a judgment, the defendant may plead *nul tiel record.* Tidd 1184. If the judgment against Pemberton had been a nullity, *nul tiel record* would have been a proper plea to it. The judgment in this case might have been set aside, on motion before the *scire facias* to revive the judgment, but after a judgment on that writ against a party, .it would seem according to the principles above stated, that he would come too late with a defence that might previously have been made.

These motions, it has been seen, are substituted for the writ of *audita querula,* which is an equitable proceeding. It is not pretended but that Pemberton owed the debt, for which the judgment was confessed, nor is 'it denied but that he executed the power of attorney. There was a formal defect in that instrument, which might have enabled him to have avoided it. But that defect did not render the judgment void. His objection is a dry technical point, against which Courts of equity have relieved, though it may prevail at law. Berry vs. Radcliff, 6 John. C.; 1 Equity Cases Abridged 188. In exercising the power of vacating judgments, the Courts will do it on terms, and take care that justice be done between the parties.

The other Judges concurring, the judgment will be reversed.'