OF THE

## STATE OF ILLINOIS,

DELIVERED

## AT THE DECEMBER TERM 1848,

.AT SPRINGFIELD.

---

BARTHELMIE FORTIER *et al.*, appellants, v. CHARLES BAL-
LANCE, appellee.

### *Appeal from Peoria.*

A. leased certain premises to B. for a term of years, reserving the right of re-entry in case of a failure to pay the stipulated rent. B. attorned to C. before the expiration of the term, and A. brought an action of forcible detainer against them: *Held,* that by this disavowal of A.'s title by B. and claiming to set up a hostile title in C. the lease become forfeited and A.'s right of entry complete.

In cases of forcible detainer, where the relation of landlord and tenant exists, it is wholly immaterial whether the tenant, or he to whom the tenant has surrendered the premises, shows title or not. The object of the proceeding is not to try the title to the land, but to enable the landlord to regain the possession of the premises after the termination of the lease, either by forfeiture or by the lapse of time.

In a case of forcible detainer by the landlord against the tenant, the latter is not permitted to show that the title of the former has expired, or that some third person has the right to the possession. The tenant must first surrender the possesssion to him from whom he received it, before he shall be permitted to say that his landlord has no longer a right to retain it.

FORCIBLE DETAINER, brought by the appellee against the appellants, and originally heard before a justice of the peace

of Peoria county, when a verdict was rendered in favor of the plaintiff. The defendants appealed to the Circuit Court, and the cause was tried at the October term, 1848, before the Hon. John D. Caton and a jury, when a verdict was again rendered in favor of the original plaintiff.

*O. Peters,* for the appellants.

I. The lease offered in evidence was improperly admitted. It showed that the time had not expired, and that plaintiff had no right to recover. Rev. Stat. 256–7, ch. 43, § 1.

The Act is to be strictly construed. *Wells* v. *Hogan,* Bre. 264; *Ballance* v. *Fortier,* 3 Gilm. 291.

This latter case modifies the rule as to the pleadings, but does not change the rule of law as to the remedy. *Atkinson* v. *Lester,* 1 Scam. 407; *Whitaker* v. *Gautier,* 3 Gilm. 443.

II. The clause reserving the right to re-enter and take possession for non-payment of rent, does not help the case, because no act was done to create the forfeiture. To create a forfeiture in such a case, it must appear,

1. That he demanded rent;

2. That he demanded the precise amount of rent due, and not a penny more or less;

3. That the demand was made on the precise day when the rent was due;

4. That it was made on that day before sunset;

5. That it was made upon the land; and

6. That he re-entered and took possession, or attempted to do so for the purpose of forfeiture. Adams on Eject. 149, 282; Arch. Land. & Ten. 109, 105, 161, (top paging.)

None of these pre-requisites are proved. But even if it were otherwise, it would not so aid the complainant as to entitle him to this remedy, for the reason that the time for which the land was "let" had not elapsed when the suit was commenced. This question is very fully considered, and the principle so settled in the case of *Fifty Associates* v. *Howland,* 11 Metc. 99; *Oakley* v. *Schoonmaker,* 15 Wend. 228–30.

III. The case shows affirmatively, that the relation of landlord and tenant did not exist between Ballance and For-tier, but that Fortier was the owner of the land, and that he entered peaceably, claiming title.

Fortier may show title in himself to defeat this action. 3 Coke's Lit. 21, 22, top paging, (Thomas' Ed.) note *M; Willard* v. *Warren,* 17 Wend. 260, 261; *Meader* v. *Stone,* 7 Metc. 147; *Lampson* v. *Henry,* 13 Pick. 38; *Ballance* v. *Curtenius,* 3 Gilm. 449; *Ballance* v. *Fortier,* ib. 296.

One having title and right of possession of land, may enter by stratagem, and it is not censurable for him so to do. *Hyatt* v. *Wood,* 4 Johns. 157, 158; *Jackson* v. *Rowland,* 6 Wend. 668; *Evertson* v. *Sutton,* 5 do. 881; 1 Chit. Gen. Pr. 644.

Even in an action by landlord against tenant for rent, the tenant may show he was ejected by title paramount. Arch. Land. & Ten. 149, (top paging.)

But Fortier was not, in any sense, such a tenant as will authorize this remedy against him. The relation of landlord and tenant must exist conventionally, and not when it only exists by operation of law. *Evertson* v. *Sutton,* 17 Wend. 281.

*C. Ballance, pro se.*

If there was any error committed in this case it was in favor of defendants. The Court below permitted him to show title to the premises, whereas by law no title of any kind is in question in this proceeding. *Little* v. *Hinson,* Morris' (Iowa,) R. 111; *The People* v. *Godfrey,* 1 Hall, 246; 11 Johns. 509; *The People* v. *Van Nostrand,* 9 Wend. 52; *Smith* v. *Dedman,* 4 Bibb, 193.

2. Blumb was plaintiff's tenant and as such could neither dispute the landlord's title nor attorn to a stranger. 1 Ark. 495; *Brubaker* v. *Poage,* 1 Mon. 297.

3. Any lease or arrangement entered into with a stranger to the prejudice of the landlord is void, and the landlord may treat the new landlord with whom the arrangement is made as a tenant holding over, or denying his landlord, and maintain

this action against him. *Gray* v. *Gray*, 3 Litt. 465; 1 Doug. (Mich.) R. 179.

And this even where the tenant acted in good faith supposing the one to whom he attorned had the right. 4 Litt. 309; 1 Doug. (Mich.) R. 179; *Clark* v. *Stringfellow*, 4 Ala. 356.

5. Plaintiff without title but in possession may even maintain this action against the purchaser from Government. *Little* v. *Hinson*, Morris' (Iowa,) R. 111; 1 Doug. (Mich.) R. 179.

6. It matters not that plaintiffs were trespassers. They may nevertheless maintain this action against the owner in fee. Morris' (Iowa,) R. 253.

7. Even the vendee may maintain this action against his own vendor, if, instead of calling in the aid of the courts, he forces himself into the possession. *Meechan* v. *Wilcox*, 6 Missouri, 350.

8. "If the tenant disclaims the term, claims the fee adversely in right of a third person, or his own, or attorns to another, his possession then becomes a tortious one, by the forfeiture of the right; the landlord's right of entry is complete, and he may sue at any time, within the period of limitation." *Wilson* v. *Watkins*, 3 Peters, 49.

9. Although he who is no party to a writ of possession on being turned out by the sheriff may maintain trespass against both the sheriff and plaintiff, yet if he undertake to right himself by turning out him whom the sheriff wrongfully put in, he may be turned out by this action. *Horsefield* v. *Adams*, 10 Ala.

10. "To warrant proceedings for an unlawful detainer, it is not necessary the defendant shall be a tenant of the plaintiff or a tenant of his tenant; it is sufficient if he hold under, from, by, or by collusion with the plaintiff's tenant. *Snoddy* v. *Watt*, 9 Ala. 609.

11. A bare entry upon the possession of another with or without force is, for the purposes of this act, a forcible entry. *Brimfield* v. *Reynolds*, 4 Bibb, 388.

The Opinion of the Court was delivered by

TRUMBULL, J.    This was an action of forcible detainer, brought by Ballance against Fortier & Blumb.    Verdict and judgment of restitution in favor of Ballance.

The evidence shows that Ballance leased the premises for the term of six years from January 1, 1842, at the rate of ten dollars to be paid every four months; that he reserved by the lease the right to re-enter and take possession of the premises in case of failure to pay rent as it became due;   that the lessees occupied the premises for some time, and afterwards assigned to Blumb, one of the defendants below, who entered into possession and paid rent for a time to Ballance; that about the month of February, 1846, Blumb made arrangements for the occupation of the premises with his co-defendant Fortier, to whom he gave possession, and whose tenant he became, disclaiming to have anything more to do with Ballance, and alleging that Fortier was the owner of the land.    Ballance, after having given notice and made demand in writing for the possession of the premises, on the second day of March, 1846, and before the expiration of the six years for which the premises had been let, commenced this action.

The defendants below set up title to the premises in Fortier.

Two principal causes have been assigned for the reversal of the judgment.    *First,* that the action was prematurely brought, the time for which the premises were let not having expired.    It is clear that Ballance could not maintain this action till he was entitled to the possession of the premises, and it may be true, as insisted by the appellants, that he was not entitled to the possession under the clause in the lease authorizing him to re-enter in case of failure to pay rent, for the reason that there is no evidence to show either that a demand had been made for the rent due, or any of those acts done which are necessary in the first instance to create a forfeiture for the non-payment of rent; but be this as it may, the evidence shows that Blumb was the tenant of Ballance, that Fortier got into possession by arrangement with Blumb, who thereupon disclaimed holding under Ballance, and attorned to Fortier as the owner of the premises. The moment that Blumb disavowed the title of Ballance and

claimed to set up a hostile title in Fortier, the lease became forfeited, and Ballance's right of entry complete. Adams on Ej. 199. "A tenant cannot make his disclaimer and adverse claim so as to protect himself during the unexpired term of the lease; he is a trespasser on him who has the legal title. The relation of landlord and tenant is dissolved, and each party is to stand upon his right. If the tenant disclaims the tenure, claims the fee adversely in right of a third person or his own, or attorns to another, his possession then becomes a tortious one, by the forfeiture of his right." *Willison* v. *Watkins*, 3 Peters, 43.

Notwithstanding Blumb had a lease for a term not then expired, the moment he disclaimed to hold under the lease, and set up title to the premises, his possession became adverse to his landlord, and it would be strange if while his title was maturing by adverse possession, he could claim the protection of the lease to prevent his being turned out. "A tenant disclaiming his landlord's title, is not entitled to notice to quit; but is liable instantly to a warrant of forcible detainer." *Bates* v. *Aviston*, 2 Mar. 270. Blumb, in setting up a title adverse to that of Ballance, by his own act terminated the lease, and put an end to the time for which the premises had been let, just as effectually as if the full term of six years had expired.

The second point in the case is, whether admitting Fortier had a perfect title to the premises, it was competent for the defendants below, under the circumstances of this case, to set it up to the prejudice of Ballance.

The testimony shows that Fortier got possession by arrangement with the tenant of Ballance. He stands in the same position, therefore, as the tenant. It matters not whether he got Blumb to attorn to him by bribery as alleged in the complaint, or otherwise. It is enough that he got possession by collusion with Blumb, who had it not in his power, if he would, to surrender up the premises against the will and to the prejudice of his landlord. This very point has been substantially decided by this Court, when the case was formerly before it upon the sufficiency of the complaint. 3 Gilm. 291. Assuming that Fortier, in some

Fortier *et al. v.* Ballance.

way or other by the permission of Blumb, had got possession of the premises, the Court say : "We must necessarily consider Fortier as holding under Blumb."

The principle that a tenant cannot dispute his landlord's title, applies with peculiar force in this case, and it is wholly immaterial in cases of forcible detainer, where the relation of landlord and tenant exist, whether the tenant or he to whom the tenant has surrendered the premises, which is the same thing, show title or not. The object of this proceeding is not to try the title to the land, but to enable the landlord to regain the possession of the premises after the termination of the lease, either by forfeiture, as in this case, or by the efflux of time.

In holding that neither a tenant, nor one who gets into possession under or by permission of the tenant, can set up a title to the prejudice of the landlord in cases of forcible detainer, we are fully sustained by the decisions in several sister States upon similar statutes. *Haskins* v. *Helm*, 4 Littell, 309; *Clark* v. *Stringfellow*, 4 Ala. 353; *Byrne* v. *Beeson*, 1 Doug. (Mich.) R. 179; *Thom* v. *Reed*, 1 Ark. 481; *Clinton* v. *Clinton*, 2 Bibb, 432, *Dedman* v. *Smith*, 2 Mar. 261. These cases fully establish the doctrine, that a tenant is not permitted to show in this summary proceeding, that his landlord's title has expired, or that some third person has the right to the possession. He must first surrender up the possession to him from whom he received it, before he shall be permitted to say that his landlord has no longer a right to retain it.

Errors have also been assigned upon the giving and refusing certain instructions, which we do not deem it necessary to notice in detail. Some of the instructions taken separately and by themselves, would be erroneous ; but when considered in connexion with the evidence and other instructions given at the same time, we cannot say that the law was wrongly stated to the jury. Taken as a whole, they lay down the law correctly, and as they all went to the jury together, we can see no error in them.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*