————o————

Thomas D. George, Appellant, *vs.* William Middough, Respondent.

| 62 | 549 |
| --- | --- |
| 38a | 308 |
| 62 | 549 |
| 40a | 684 |
| 62 | 549 |
| 114 | 579 |
| 62 | 549 |
| 124 | 549 |
| 62 | 549 |
| 126 | 469 |
| 62 | 549 |
| 63a | 27 |
| 62 | 549 |
| 81a | 331 |

1. *Judgments—Loss or destruction–How restored—Common Law—Notice.*—Lost or destroyed judgments (prior to the legislative enactment on that subject) might be restored or proved at common law, but in every such case the opposite party should be notified.

2. *Summary proceedings—Motions—Notice.*–Whenever a party's rights are to be affected by a summary proceeding or motion in court, he must be notified in order that he may appear.

3. *Judgments–Record book, destruction of—Revival–Scire facias–Nul tiel record.* —The destruction of the record book, in which the judgments are written, does not destroy the judgment debts, and though the judgments are wrongfully restored by the court without notice to the debtors, yet, when the judgments are revived by *scire facias* with notice to the debtors, then they should make their objection by plea of *nul tiel* record.

4. *Judgments–Revivals of—Executions–When outlawed–Statute, construction of.* —A judgment was obtained in 1859, was revived from time to time, the last revival being in 1867, and execution was issued in 1872. *Held,* that the execution was a nullity, being issued more than ten years after the date of the judgment (Wagn. Stat., 791, § 11), and that the lien of the *scire facias* expired before the execution issued. (Id., 790, § 4.)

OPINION OF SHERWOOD, J.

The judgment being revived from time to time, the execution could rightfully issue, and that a purchaser at the sale would take title under it.

*Appeal from Caldwell Circuit Court.*

*C. S. McLaughlin,* for Appellant.

I. The destruction of the record of the judgment did not destroy the judgment. If the proceedings to restore the record were void, then in 1862, when *scire facias* was issued to revive the judgments, said judgments were in the same situation as they were the following day after the burning of the records, and a *scire facias* may issue on a destroyed judgment. (Strain vs. Murphy, 49 Mo., 337.)

II. Execution may issue at any time within ten years from the time such judgment may have been revived by *scire facias,* otherwise there might be a lien with no means of enforcing it. (Wagn. Stat., 790, §§ 4, 5; Id., 791, § 11.)

*L. E. Carter,* for Respondent.

I. The restoration of the destroyed record of judgments, rendered in 1859, was void, no petition having been filed for that purpose, and no notice having been served on defendants.

*E. O. Hill,* for Respondent.

I. The proceedings to restore the lost records were utterly void. (Gen. Stat., 1865, pp. 183, 184, §§ 14 and 15.)

II. The executions were issued more than ten years after the rendition of the judgments. (Gen. Stat., 1865, p. 636, §§ 4–8, 11.)

WAGNER, Judge, delivered the opinion of the court.

It appears from the record that in 1859 certain judgments were rendered against defendants, and that in 1860 the records of the judgments in the county were destroyed by fire, including the judgments in question. At the next term of the court after the destruction by fire, the judgments were restored by order of the court, but this restoration was made on motion of plaintiff's attorney without any notice whatever being given to defendants and without bringing them into

court. The judgments were revived from time to time till 1867, the last renewal being in this last named year.

In February, 1872, executions, were issued upon the judgments, and defendant's lands were levied upon and sold, and plaintiff became the purchaser.

Plaintiff relied upon the sheriff's deed for title, and the court excluded it for two reasons. First, because the proceedings in 1860 to restore the judgments were void; and secondly, because no execution could issue upon the judgments after ten years had elapsed from their rendition.

The proceedings in 1860 to restore the judgments were long prior to the legislative enactment, upon that subject, requiring the adverse parties to be brought in by summons, and therefore that act cannot be made applicable to this case. Lost or destroyed judgments might be restored or proved at common law, but in every such case the opposite party should be notified.

It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding. or motion in court. that party should be notified, in order that he may appear for his own protection.

The destruction of the record .book, on which the judgments were written, did not destroy the judgment debts (Strain vs. Murphy, 49 Mo., 337), and although the court wrongfully restored the judgments, when the defendants had no notice, and were not in court, yet when the revivals took place by *scire facias*, they were regularly brought in, and they should then have made their objection by a plea of *nul tiel* record. (Wood & Oliver vs. Ellis, 10 Mo., 382 ; Ellis vs. Jones, 51 Mo., 181.)

But there is another objection which is fatal to the plaintiff's case. Executions can only issue upon a judgment within ten years after its rendition ( Wagn. Stat.. 791. § 11). The judgments were rendered in 1859, and. the executions, on which the sales were made, and under which the plaintiff purchased, were not issued till 1872, twelve years after the rendition of the judgments. Now the statute provides, that

the plaintiff or his legal representatives may at any time, within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgments, no *scire facias* shall issue (Id., 790, § 4). The last judgment of revival on *scire facias* was in 1867, and its lien had expired before the executions were issued; the executions therefore derived no force from these liens, or the revivals had under them, and as more than ten years had expired from the time the original judgments were rendered, the executions were nullities. (4 Litt. 310.)

It follows that the judgment below must be affirmed.

Judges Napton and Hough concur; Judge Vories absent. Judge Sherwood holds, that in consequence of the revival of the judgments from time to time the executions could rightfully issue, and that the plaintiff took title at the sale.