JOHN K. RUSSELL *et al.*

*v.*

R. F. LILLJA.

90 | 327
63a | 213

1. BURNT RECORD—*petition to restore record of judgment.* Where a petitioner to restore the record of a judgment destroyed by fire, shows in his petition that the judgment was in his favor, this will sufficiently show his interest and right to file the petition.

2. The petition in such case need not specifically aver that the destruction of the record, if not restored, will result in damage to the petitioner. That is sufficiently shown by a statement that he is the plaintiff in the judgment, payment of which can not be enforced until its restoration.

3. The petition must state substantially what the record sought to be restored contained, but it is not required to state it *in hæc verba*, or in minute detail.

4. A petition to restore the record of a judgment which alleges that there was a declaration in assumpsit on a promissory note made by the defendant payable to the plaintiff, an appearance of the defendant by attorney in fact, a warrant of attorney filed, and its execution duly proved, a cognovit filed confessing the action and plaintiff's damages, and an order of court reciting these facts and rendering judgment for the amount, and awarding execution, shows the substance of a good record and judgment by confession. The contents of the declaration, or a description of the note as to date, amount, time of payment, rate of interest, etc., are not essential to be stated in the petition in this character of cases.

5. It is not essential that a petition to restore the record of a judgment by confession should state the name of the attorney who entered the defendant's appearance and filed the cognovit, the substance of the matter being the appearance by attorney, whether his name appears in the order or is omitted.

6. Where the record of a judgment by confession is sought to be restored after its destruction, only so much need be stated in the petition as shows the court had jurisdiction of the parties and of the subject matter, and that the matter was adjudicated, finding the sum confessed as owing to the plaintiff, and a recovery and award of execution.

7. Where a suit is pending and has not resulted in a judgment, it is necessary to restore all the papers and files, not only in substance, but in form, after their loss or destruction, but in that case literal copies are not required of the originals, but only such as are proper in the proceeding.

8. CONFESSION OF JUDGMENT—*declaration and cognovit not essential.* The filing of a declaration and cognovit is not essential to a judgment by confes-

sion. It is sufficient if a power of attorney to confess judgment is filed and properly proved, and the attorney in fact in open court confesses the amount due, and consents that judgment for that amount shall be entered against the defendant without either declaration or cognovit. The record need not show the name of the attorney appearing and confessing, though it is more formal that it should.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BROCKWAY & DE WOLF, for the appellants.

Mr. JOHN KNICKERBOCKER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case Lillja filed his petition to restore the record of a judgment which was destroyed by the fire of October, 1871, in the city of Chicago. The petition alleged that on the 23d of November, 1859, a judgment was rendered by the Superior Court of Chicago, in his favor and against Russell & Cleveland, for $765.80; that they, by attorney, confessed the judgment; that two several executions were issued thereon to the sheriff of Cook county, and were returned by him in no part satisfied. The record of the judgment and all the papers in the case were burned and destroyed. That copies of the same could not be procured, and that the judgment remained wholly unsatisfied, unreversed and in full force. The petition was sworn to by petitioner.

A summons was issued and served on defendants, who appeared and filed a demurrer to the petition, which was overruled by the court, and defendants failing to answer, the court granted the relief and restored the record.

The order restoring the record recites the convening order of the Superior Court of the November term, 1859, and an order rendering judgment, the first clause of which recites:

"And thereupon also comes the said defendants, Reuben Cleveland and John K. Russell, by ——————, attorney in fact, and file herein their warrants of attorney, the execution

of which being duly proven, and also their cognovit confessing the action of the plaintiff against them, the said defendants."

The remainder of the order is in the usual form, finding the amount confessed, ordering a recovery and awarding execution. To reverse this decree defendants appeal, and assign errors.

It is urged that the petition is insufficient, because it does not set out in substance the declaration, the warrant of attorney and cognovit.

The grounds of demurrer are specified as: First, the petitioner does not show appellee is interested in the record described in the petition. To this objection we need only say that appellee is described in the judgment as the person in whose favor it was rendered,—and that being the case, all persons know that gives him an interest. He, as plaintiff, has the right to collect and receive the money, and if that does not show he has an interest, it would be difficult to conceive what would give him an interest. There is nothing in this objection.

The second ground of demurrer is, that petitioner does not show "that the alleged destruction of the record, if not restored, will result in damage to him." Being plaintiff in the judgment and having the right to collect and receive the money, it follows that he had the right to have it restored that he might enforce his rights. Until the record and judgment were restored he could not compel payment, and hence, if they were not restored, he would in that way and to that extent suffer damage.

The third ground of demurrer is, "that the petition does not show substantially a record." Under the Burnt Records act, as it is known, it has been held that the petition must state substantially what the destroyed record contained; that it is not required that it should state it *in hæc verba* or in minute detail. Here, it is alleged, there were a declaration in assumpsit on a promissory note made by appellants

payable to appellee, an appearance of defendants by their attorney in fact, a warrant of attorney filed and its execution duly proved, and their cognovit filed confessing the action and plaintiff's damages; the order of court reciting these facts, and rendering judgment for the amount and awarding execution. This we think shows the substance of a good record and judgment by confession.

It is not essential, but it is according to the practice, to file a declaration on the confession of a judgment. In this, such a case differs from an ordinary action. If a power of attorney to confess a judgment were filed and properly proved, and the attorney in fact were to confess in open court the amount due, and consent that a judgment for the amount should be entered against the defendant without declaration or cognovit, all would say it would be a valid judgment. Then, the petition alleges enough to show a valid and binding judgment. Hence, the contents of the declaration or a description of the note as to date, amount, time of payment, rate of interest, etc., are not essential to be stated in the petition in this character of cases.

It is also objected, that it is not alleged who was the attorney who entered the appearance of defendants and filed a cognovit. The court finds that the warrant of attorney was filed and proved, and their attorney in fact entered their appearance without his being named in the record. We see no serious objection to this. It would have been more formal to have named him in the order, but the substance was the appearance by their attorney, whether his name appears in the order or is omitted. Its insertion could in nowise add any force to the judgment. The order was as efficacious without as with its insertion.

Where a suit is pending and has not resulted in a judgment, it would, no doubt, be necessary to restore all the papers and files, not only in substance but in form, after their loss or destruction, as in that case the parties would not be required to file literal copies of the originals, but only such as are proper

in the proceeding. But where it is on the record of a judgment confessed, only so much is required as shows the court had jurisdiction of the parties and of the subject matter, and that the matter was adjudicated, the amount found was confessed to be owing to the plaintiff, a recovery, and the award of execution. We are clearly of opinion that the petition sufficiently states the substance of the record in this case, and when it was taken as confessed, the court below was warranted in ordering the restoration of the record, and that it was well restored.

The decree of the court below must be affirmed.

*Decree affirmed.*