640  FRANK vs. CIRCUIT JUDGE (Wayne), No. 14655.

To require respondent to proceed to a hearing upon a petition filed by claimant and appellant, in a cause appealed from the report of commissioners on claims in the Probate Court, alleging that the written statement of her claim as presented to the commissioners on claims was lost, and praying that it be restored, and that a time and place be fixed by the court for the taking of testimony to establish the fact of loss and the authenticity of the copy produced by petitioner.

Granted February 26, 1895, with costs payable out of the estate.

The loss was not discovered until after a verdict for plaintiff upon a motion for a new trial. A copy of the lost paper was used upon the trial and the witnesses were examined and cross-examined thereupon. A new trial was denied and a bill of exceptions is in course of preparation.

Counsel for the estate contended (1) that there was no showing that the paper had ever been on file in the Circuit Court, hence there was no power in the Circuit to supply or restore it; (2) that there is no law requiring, or practice authorizing, the filing of a written claim with commissioners, and if filed, the commissioners were not required to return it with their report and if returned, the Probate Court was not required to certify it to the Circuit on appeal, and (3) if any power existed to restore or supply the lost paper, it was in the Probate Court and not in the Circuit.

Counsel for relator insisted that such a petition is the proper practice in such a case, Russell vs. Lillye, 90 Ill., 327; People vs. Cozoles, 27 Colo., 522; State vs. Harrison, 18 Tenn., 541; Bauer vs. Wasson, 60 M., 194; that the commission is a separate tribunal and acts judicially; that it is no part of the Probate Court and that court has no control over the commission or of the claims, except to order payment where allowed and not appealed from; that an appeal lies not to the Probate Court but to the Circuit; that when the return is made the commissioners are functus officio; that an appeal is a statutory right and no order of the Probate Court allowing it is necessary; Lothrop vs. Conely, 39 M., 757; Shurbun vs. Hooper, 40 M., 503; Clark vs. Davis, 32 M., 154; Streeter vs. Paton, 7 M., 341; Fish vs. Morse, 8 M., 34; Fox vs. Probate Judge, 48 M., 643 (133); that the issue on appeal is the same as the one before the commissioners; it is fixed by the original form of the claim and pleadings cannot change it; any variance is jurisdictional, Patrick vs. Howard, 47 M., 40; Hatheway's appeal, 46 M., 326; Kroll vs. Ten Eyck, 48 M., 230; Comstock vs. Smith, 26 M., 321; White vs. Allen, 18 M., 193; Weyburn vs. Kipp, 63 M., 79; McGee vs. McDonald, 66 M., 628; McHugh vs. Dowd, 86 M., 412; Grimm vs. Taylor, 96 M., 5; Cheever's Probate Law (3 Ed.), p. 296; that while the statute does not in express terms require a claim to be in writing, yet such has been the practice and on appeal the claims accompany the return; McKinney vs. Hamilton, 53 M., 496, and cases last cited; that acts for restoring lost records are remedial, must receive a liberal construction and made to apply to all cases which by a fair interpretation they can be made to reach, Smith vs. Stevens, 82 Ill., 566; that Circuit Courts have have inherent power to substitute and restore lost records, 1 Black on Judgments, Sec. 125; Freeman on Judgments, Sec. 89; McLinden vs. Jones,

8 Ala., 298; 42 Am. Dec., 640; George vs. Middough, 62 Mo., 549; Welch vs. Smith, 4 So. Rep., 340; Chichester vs. Cande, 6 Cow. (N. Y.), 40; White vs. Lovejoy, 3 Johns (N. Y.), 443; Burkel vs. Luce, 1 N. Y., 163; Jackson vs. Hammond, 1 Caine (N. Y.), 496; Bauer vs. Wasson, 60 M., 194; that the appeal being direct from the commissioners the Probate Court has no means, power, authority or machinery to return the lost paper; it is simply the medium through which the appeal is perfected. Brown vs. Forsche, 43 M., 492.