Jeane OWEN, Plaintiff-Respondent,

v.

Bob RHODES and Doris Rhodes, Defendants-Appellants.

No. 11247.

Missouri Court of Appeals, Southern District, Division Four.

March 24, 1980.

Motion for Rehearing or to Transfer Denied April 21, 1980.

Sam F. Hamra, Jr., Charles B. Cowherd, Taylor, Stafford, Gannaway & Woody, Springfield, for defendants-appellants.

No appearance for plaintiff-respondent.

FLANIGAN, Chief Judge.

Defendants appeal from the trial court's order denying their motion to quash execution. It is the position of defendants that the attacked order was erroneous because the underlying judgment was "duly scheduled" by defendants in their voluntary bankruptcy proceeding and "the effect of a discharge in bankruptcy on a judgment rendered prior to discharge is to nullify the judgment and strip it of all legal effect." This court holds that defendants' assertion of the affirmative defense of discharge in bankruptcy was made too late and that the trial court acted properly in denying the motion to quash.

In 1964 plaintiff obtained a judgment against defendants in the sum of $7,570. In 1974, by means of a scire facias proceeding (Rule 74.36–74.42)[1] instituted by plaintiff, the judgment was revived. Neither in the trial court nor in this court have defendants attacked the regularity or timeliness of the revival proceeding.

During the course of the revival proceeding defendants were personally served with the writ of scire facias. Pursuant to Rule 74.36 the writ ordered defendants to appear in court on a specified date "then and there to show cause, if any they have, why the said judgment in form aforesaid as rendered should not be revived and the lien upon the real estate of said [defendants] should not be revived and continued for another period of three years, according to the force and effect of said judgment."

Defendants filed no pleading and made no appearance in response to the writ. Thereafter the court entered its order of revival.

In August 1977, an execution was issued and later that month defendants filed their motion to quash the execution. The sole ground contained in the motion was that in 1966 defendants were adjudicated bankrupts by the U. S. District Court for the District of Kansas and in 1967 defendants "were discharged of the judgment debt of plaintiff."

The difficulty with defendants' position is that they failed to pose the affirmative defense of discharge in bankruptcy during the course of the revival proceeding in 1974. The defense was first asserted in 1977 when the motion to quash was filed.

The defense of discharge in bankruptcy, when factually supported, may be interposed, with certain restrictions, in a scire facias proceeding. *Pruellage v. De Seaton Corporation*, 407 S.W.2d 36 (Mo.App. 1966). "In Missouri, as in other jurisdictions, if the defense of bankruptcy is then available to the defendant, it is an affirmative defense; and, if he fails to plead it, he loses it." *Winthrop Sales Corporation v. Shelton*, 389 S.W.2d 70, 73[3] (Mo.App. 1965); *Hupp v. Murphy Finance Company*, 502 S.W.2d 345, 351[13] (Mo.1973).

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

"The defendant should plead to the writ of scire facias, if he has a defense. This is done by motion or answer." (Citing authorities.) Missouri Practice, Wheaton, Vol. 16, § 74.36–11, p. 510. The outcome of this appeal is governed by *Wood v. Ellis*, 10 Mo. 382 (1847). In that case a judgment was revived. Defendant was served with process in the revival proceeding. Later defendant filed a motion seeking to set aside the judgment on a ground which was available to him at the time of the revival proceeding but which he failed to assert at that time. The supreme court held that defendant's failure to assert the defense in the revival proceeding precluded him from interposing, in a subsequent proceeding, the same defense as a ground for relief. To similar effect see *Ellis v. Jones*, 51 Mo. 180, 188 (1873) and *George v. Middough*, 62 Mo. 549, 551 (1876).

The action of the trial court was proper and the order denying defendants' motion to quash execution is affirmed.

MAUS and GREENE, JJ., and HOUSER, Senior Judge, concur.

PREWITT, J., disqualified.