Culver v. Uthe.

---

MORTON CULVER ET AL.

V.

GERTRUDE UTHE.

1. PRACTICE—REPLICATION TO PLEA.—In the case of several defendants who plead separately, a replication " to the pleas of defendants " is not sufficient. So where one defendant had pleaded the general issue, no consideration and set-off, such replication presented no issue to the plea of set-off.

2. WAIVER OF REPLICATION.—A defendant objecting to a trial before issue joined, because of a want of a replication, does not waive a want of replication by afterwards proceeding to trial.

3. TRIAL WITHOUT REPLICATION.—A plaintiff going to trial without a replication after such objection is made, will be regarded as admitting that the plea is true.

Culver v. Uthe.

Error to the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed November 8, 1880.

Mr. Morton Culver, *pro se*, cited Rev. Stat. 1874, Chap. 110, § 34; Chap.——, § 9.

Mr. W. H. Condon and Messrs. Booth & Booth, for appellee; that if parties wish to rescind a contract they should do so promptly, cited 2 Parsons on Contracts, 677; Hodson v. Davis, 2 Camp. 530; Okell v. Smith, 1 Starkie, 107; Prosser v. Hooper, 1 J. B. Moore, 106.

The opposite party should be placed in *statu quo:* Vining v. Leeman, 45 Ill. 246; Willets v. Burgess, 34 Ill. 494; Deal v. Dodge, 26 Ill. 458.

McAllister, P. J.  The bill of exceptions shows that the court below set aside the default of defendant, Culver, which had been theretofore entered, and gave him leave to plead. The record shows that he filed the plea of the general issue, a special plea of failure of consideration of the notes sued upon, and a plea of set-off.  After the filing of such pleas, which were clearly admissible under the general leave given, the record shows that the plaintiff filed a replication to the plea of general issue and that of failure of consideration, by describing them in the introductory part of said replications as the pleas of the said defendants, there being no joint plea of the defendants on file, each having pleaded separately.  If such replications can be regarded as properly tendering issues upon Culver's separate pleas of general issue and failure of consideration, the record wholly fails to show any attempt on the part of the plaintiff to reply to his special plea of set-off; and then the bill of exceptions shows that when the case was called for trial Culver objected to the trial, for the reason that the issues were not completed.  The court overruled that objection, to which exception was taken by Culver, and the case proceeded to trial without any replication to the plea of set-off having been filed; such plea averring that the sums of money alleged to be due

and owing from the plaintiff to the defendants at the commencement of the suit, exceeded the damages sustained by the plaintiff by reason of the non-performance by the defendants of the several promises and undertakings in the declaration mentioned, the defendants offering to set off and allow the same to the plaintiff as against said damages. This plea, taking it to be true, was a complete bar to plaintiff's action. By objecting to a trial before issue was taken on that plea, the defendant did not waive the want of a replication; and the plaintiff, by going to trial without a replication, after such objection was made, must be regarded as admitting that the plea was true.

The judgment must be reversed.

Reversed and remanded. ·