# CASES

# APPELLATE COURTS OF ILLINOIS.

### SECOND DISTRICT—DECEMBER TERM, 1892.

## McNeal v. Calkins.

1. FRAUD—*Refunding Purchase Money by Grantor in a Quit Claim Deed.*—It is not usual for a party to convey lands by deed, unless he has some title or claim upon which to predicate a conveyance. A grantor is not to be held to refund the purchase money, upon a failure of title, unless his deed contains covenants, or unless fraud has been practiced by the grantor.

2. CONTRACT—*Sufficiency of—Consideration—Quit Claim Deed.*—A quit claim deed for land, in the absence of fraud, is a sufficient consideration to sustain a contract for the payment of money without reference to any title in the grantor. Money paid for such a conveyance can not be recovered back, or a plea of failure of consideration maintained to a note given for such conveyance.

3. PLEADING—*Failure of Consideration.*—Where a plea alleged a failure of consideration for the contract sued upon, and stated the grounds for such failure to be a want or absence of title to real estate in the plaintiff at the time of a conveyance of land made in pursuance of such contract, but did not state the kind of conveyance or contain any allegations of fraud, the court in passing upon a demurrer to the plea, will presume that the conveyance referred to was a quit claim deed, and that in the absence of fraud such a deed, without referring to the grantor's title, is sufficient consideration to support a contract.

4. PLEADINGS—*Allegations Not Denied.*—When a matter material to the issue is alleged in a declaration, and not denied by a plea, it will be presumed to be a fact.

Memorandum.—Assumpsit. Plea, failure of consideration. Demurrer to plea sustained. Appeal from the Circuit Court of Rock Island

County; the Hon. GEORGE W. PLEASANTS, Judge, presiding. Heard in this court at the December term, 1892, and affirmed. Opinion filed May 25, 1893.

### STATEMENT OF THE CASE.

This was an action of assumpsit, brought by appellee against appellant, resting in the common counts, for goods, wares and merchandise, and account stated, *ad damnum* $400. By leave of the Circuit Court, appellee filed her amended declaration declaring on a special contract, which is set out in the declaration, and is in substance as follows, viz.:

"Moline, May 23, 1884. I promise to pay Catherine Calkins the sum of two hundred dollars, out of the proceeds of a note payable to R. S. & P. C. Wilson, and by them assigned to me, dated this day and payable one year from date, the said note being $500. The said two hundred dollars to be paid when the same is collected, on the said $500.

Signed, R. T. McNEAL."

The consideration of the said contract as averred in said three special counts, were based on the deeding by warranty deed, by the plaintiff and her husband, Charles F. Calkins, the equitable interest in certain real estate, to one John F. Browning, the said Wilsons, the owners of the reversionary interest to said real estate joining in the deed to Browning. The object of the deed was to place the title in said Browning so that he, having the full legal title, might mortgage the same to the Wilsons, to secure four notes of said C. F. Calkins, to the amount of $20,000, in $5,000 each, with eight per cent interest from date, which said Calkins had executed to said Wilsons as purchase money of the said real estate, and which said $20,000 became, and was then the property of the defendant by assignment from Wilsons. The declaration avers that the joining in said deed by her, as the wife of C. F. Calkins, was at the request, and for appellant's benefit, he signing the contract sued on in consideration thereof. The declaration further avers that said sum of $200 and interest had been paid by said Calkins to appel-

lant after signing the instrument, and before the commencement of suits.

At the May term, 1892, the court sustained a demurrer interposed by appellee to pleas 1 and 2, and afterward leave was given to appellant to amend the pleas and to file additional pleas. Afterward, at the same term, the appellant filed two additional pleas, No. 3 and 4, but no amendment was made to the first and second pleas. Afterward, at the same term, the court sustained a demurrer filed to the said pleas 3 and 4, and appellant elected to stand by said last named pleas, and thereupon the court rendered judgment against him *nil dicet*, for $330.66. The appellant now assigns for error the sustaining of the demurrer to the said several pleas. The appellant, however, by abandoning his first and second pleas, by taking leave to amend them, waived his right to assign error for sustaining demurrer to them. Therefore we shall only consider the sufficiency of the third and fourth pleas, which set up or attempted so to do, want of consideration. The last mentioned pleas being in substance the same as the first and second, must have been intended as an amendment to and a substitute for them; therefore the latter will not be considered.

The third plea avers that the consideration of the instrument sued on was based on the following facts, viz.: On the first day of January, 1876, Robert S. Wilson and Patience Wilson, being in possession of real estate afterward described in the pleas, upon that day entered into a contract in writing with said plaintiff (appellee) and one C. F. Calkins to convey to her and him such premises in consideration of the sum of $6,500; that on such date and at all times since, the appellee had and has had no right, title, claim or interest whatever in and to said premises or any part thereof except as derived under and by virtue of said contract in writing; that afterward the said appellee and said C. F. Calkins neglected and refused to comply with the provisions of the said contract in writing and to pay the moneys therein provided by them to be paid; that after such failure and refusal, to wit, on the 22d December, 1882, the appellee, by her cer-

tain deed, dated the day and year last aforesaid, released, surrendered and conveyed her right, title, claim and interest in and to said premises to said R. S. and Patience C. Wilson; that afterward on the 23d day of May, A. D. 1884, at the time the instrument in writing sued on was executed, appellant knew not that the appellee had theretofore released, surrendered and conveyed to said R. S. and C. P. Wilson all the said interest in the said premises as above alleged, and further avers that appellee at the time aforesaid, well knew the facts aforesaid, and knew that appellant was ignorant thereof, and avers that at the date aforesaid appellee had no right, title, claim or interest in and to the said premises. That on said twenty-third day of May, A. D. 1884, this defendant, so being in ignorance as aforesaid that the plaintiff had released, surrendered and conveyed all her right, title and interest in and to said premises as aforesaid, and being informed by said plaintiff that said plaintiff still held and possessed an interest therein, and the plaintiff well knowing that she had no interest in said premises, did, for the consideration that said plaintiff should release, surrender and convey to R. S. and P. C. Wilson her said supposed interest in and to said premises, by her said deed of May 23, A. D. 1884, execute and deliver to said plaintiff the said instrument in writing sued on. Hence, it is averred the said instrument was without consideration, etc.

The fourth plea is in substance the same as the third, except the appellant sets up more fully the terms of the original agreements between the Wilsons and appellee and C. F. Calkins, touching the terms of the agreements for the sale of the real estate from the former to the latter, and that the contract was upon record. The plea sets up the same as in the third plea, to wit, the release of the real estate by the Calkins to Wilsons, December 22, 1882, upon failure to pay for it in consideration of $500 and other considerations, and after that time appellee made no claim to the premises or any interest therein.

From this point in the fourth plea the appellant sets up and avers the following state of facts as showing want of

consideration for the instrument sued on, to wit : On May 23, 1884, the said R. S. and P. C. Wilson agreed with said C. F. Calkins to sell to him the said premises described in the deed of conveyance to J. T. Browning, and being part of said first described premises, for the consideration of $2,000, and to convey the same to said Browning as trustee for the said C. F. Calkins, said $2,000 to be secured and to be paid by the promissory notes of said C. F. Calkins and said notes to be secured by a mortgage on said premises so conveyed to said Browning, all of which was known to plaintiff at and before said last mentioned date, and this defendant, to secure from plaintiff a release or cancellation of the said contract of sale to plaintiff and C. F. Calkins, in order to clear the record of said contract, executed and delivered the said written instrument declared on herein, in consideration of plaintiff's agreement so to release said property, and the plaintiff joined said C. F. Calkins, and said R. S. and P. C. Wilson in the conveyance to said Browning of said premises in execution of said agreement to release said contract and premises to said R. S. and P. C. Wilson, and the said Browning, as such trustee for said C. F. Calkins, on the same day executed a mortgage of said premises to secure the notes of said C. F. Calkins for said sums of $2,000, which were executed and delivered to said R. S. and P. C. Wilson the same day.    And this defendant further avers that at the time of the making of the instrument therein declared on, and of the promise which it evidences, plaintiff well knew she had before released the said contract of January 1, 1876, and conveyed all her right, title, claim and interest in and to the property therein described to said R. S. and P. C. Wilson, and this defendant was then and there ignorant of the fact of such release and conveyance as previously made and delivered to said R. S. and P. C. Wilson, and remained so ignorant till shortly before the institution of this suit, and he avers that the sole inducement or consideration for the written instrument and promise on the part of this defendant was to secure a release of said contract of sale, all of which plaintiff well knew, and so the defendant says the said in-

strument sued in this cause was made without any good or valuable consideration, and this the defendant is ready to verify, etc.

APPELLANT'S BRIEF, W. H. GEST, ATTORNEY.

The general principles as to the necessity of a consideration, and what is essential to it, are well understood. The only embarrassment which courts meet, is the satisfactory application of these principles to the varying facts of particular cases. It is submitted that one principle should have universal recognition and application, viz.: that when injustice and bad faith are to be rewarded by a contract, the essential elements of a legal consideration must clearly appear. These principles are stated and applied to a variety of conditions in the following adjudicated cases: Marsh v. Bennett, 22 Ill. 313; Hennessey v. Hill, 52 Ill. 281; Runnamaker v. Cordray, 54 Ill. 303; Gates v. Hackenthal, 57 Ill. 534; Knight v. Hurlbut, 74 Ill. 133; Reid v. Degener, 82 Ill. 508; Tipton v. Carrigan, 10 Brad. 318; Williams v. Shade, 13 Brad. 337; Bates v. Sandy, 27 Ill. App. 552; Sowles v. Sowles, 10 Vt. 181; Lawrence v. Smith, 27 How. Pr. 327; Walker v. Gilbert, 2 Rob. (N. Y.) 214; Dougherty v. Matthews, 35 Mo. 520; Busby v. Conoway, 8 Md. 55; Gillett v. Campbell, 1 Denio, 520; Roch v. Nichols, 3 Allen, 342; Palfrey v. P. S. & P. R. R. Co., 4 Allen 55; State v. Hensen (N. J.), 18 At. R. 775; Davezac v. Seiler (Ky.), 14 S. W. Rep. 590.

APPELLEE'S BRIEF, ADAIR PLEASANTS, ATTORNEY.

As pleas of want of consideration, they are all manifestly demurrable, for a consideration is stated in each of them. Wadhams v. Swan, 109 Ill. 61.

Treating the deed first as a quit claim, it is well settled that where lands are conveyed without covenants, the grantee can not recover his purchase money after failure of title, nor set up such failure by way of plea of failure of consideration to a purchase money note. Botsford v. Wilson, 75 Ill. 137.

Treating the deed as having been a warranty, the pleas are fatally bad. As already indicated, the averment that appellee had previously deeded the land amounts, at most, to the averment that she had no title when she made the second deed. If the deed contained covenants of title, the averment that she had no title is equivalent to the charge of breach of warranty. But having his covenants, the grantee's remedy is upon them. Willets v. Burgess, 34 Ill. 494.

Opinion of the Court, Lacey, J.

It appears from appellant's argument filed herein, that it is the third plea mostly relied on as being good. The plea is peculiar, in not showing or disclosing what interest the appellant had, in procuring the second deed from appellant to the Wilsons, of the real estate therein described. The only clue we get of any interest of appellant in the transaction, is from the terms of the contract, which only disclose that he was the holder of a $500 note given by Charles F. Calkins to R. S. and P. C. Wilson, and by the payees indorsed to appellant. If we can indulge in supposition, for the want of clearer information, appellant desired to have property placed in the Wilsons' hands so that in the event he was forced to rely on the indorsers for payment of the note, they would be pecuniarily responsible.

However this may be, we must presume he had sufficient interest in the execution of the second conveyance named in the plea to induce him to sign the contract sued on herein. It was none of appellee's concern what interest he had in the conveyance; she complied with his request, and appellant must be held liable, unless his plea shows failure or want of consideration, in the matter of what was conveyed as attempted. It is not stated in the plea that any warranty was executed as to appellant's interest in or title to the realty, nor were any questions asked her concerning it or any attempt made to ascertain whether she had any. It is now insisted that she had no title to, or interest in the land, and therefore the Wilsons took nothing by the second deed, and appellant was defeated in his expectations in procuring

title to be placed in the Wilsons, they did not before that
time possess. If this was a quit claim deed, which we have
a right to presume in the absence of an averment in the plea
to the contrary, and had it been made direct to appellant as
the grantee at his request, in the absence of fraud, it would
have been a good consideration to sustain the contract in
question or any agreement for the payment of money with-
out reference to any title in the grantor. We see no reason
why the rule should not be the same where a deed is made
to a third person at the request of the person at whose in-
stance it is done. Therefore we may treat the question the
same as though the deed had been executed to appellant him-
self. The plea contains no averment of fraud, which it
should do to raise that question, nor are there in it equivalent
charges. It charges appellee claimed an interest in the
real estate conveyed, that appellant was ignorant of the
first release, and that appellee knew she had no interest, *i. e.*,
she knew of her former conveyance to the Wilsons of the
same land, as we think the charge, fairly construed, means
that under those circumstances the conveyance was executed
and contract signed.

We can not regard these allegations as being sufficient to
supply a direct and positive charge of fraud or fraudulent
intent on the part of appellee. In the case of Botsford v.
Wilson et al., 75 Ill. 137, the Supreme Court uses the follow-
ing language in answer to a similar charge, to wit: "It is
true the bill alleged that Mrs. Wilson claimed to own the
title to the premises conveyed; such may, however, be said of
almost every case where lands are conveyed by quit claim
deed; it is not usual for a party to convey lands by deed, unless
there is some title or claim upon which to predicate a con-
veyance, and yet it has not been understood that a grantor
was to be held to refund the purchase money upon failure
of title, unless the deed contained covenants or unless fraud
was used by the grantor." See also Kent in Vol. 2, Sec. 473,
cited in above case. No fraud was charged in the plea, and
none was used so far as we can see from the allegations.
In Sheldon v. Harding, 44 Ill. 68, the court uses this lan-

guage: " There can be no doubt that a quit claim deed for land, without reference to the character of the title, is, in the absence of fraud, a sufficient consideration to support a contract; money paid for such a conveyance can not be recovered back, or a plea of failure of consideration maintained to a note given for such conveyance. Such deeds are made because the vendor is unwilling to warrant the title; they are accepted because the grantee is willing to take the hazard of the title and believes it worth the price he pays for it or agrees to pay. And unless fraud is practiced upon the grantee the law permits such contracts to be made and will uphold and enforce them." The above remarks are quite applicable to the case at bar.

In this case no fraud is charged and the deed, in the absence of averments to the contrary, will be held to be a quit claim; for in passing on a demurrer to a plea, the court will hold most strongly against the pleader. Either the third or fourth plea must be fictitious, as the averments are of alleged transactions of opposite import. However, we hold the plea bad on its face.

The fourth plea differs from the third, in that it shows that C. F. Calkins became, on the 23d May, 1884, the purchaser of a portion of the real estate first sold in 1876, by Wilsons to said Calkins and wife, and by them leased to Wilsons in 1882, for a consideration of $2,000. It is not stated in the plea whether this last contract was in writing or not. And the plea further differs from the third in showing that in pursuance of this last contract it was agreed to convey to one J. T. Browning, the said last sold and described real estate as trustee for said Calkins, to secure the said $2,000, which was in the form of notes given by said Browning, giving a mortgage to said Wilsons on such premises to secure said notes. In pursuance of such agreement the plaintiff (appellee here) joined the said Wilsons and C. F. Calkins in a deed of conveyance to said real estate as agreed, and that the consideration of the instrument sued on, was her so joining in said deed to said Browning, and the plea further avers that the appellee knew of said last named contract, and

that the object appellant had in procuring appellee to execute said last deed to Browning, was to procure the release of the first contract of sale made in 1876, and to clear the record of such contract, and that appellant was ignorant of the appellee's release to the Wilsons made in 1882, and that appellee knew of such release. It will be seen that this raises no different question in principle from those raised by the third plea; in fact it is not as strong; for there is no averment that appellee knew that appellant was ignorant of the third contract of sale for $2,000.

The procuring of the release deed of the appellee, if a quit claim, was a good consideration in the absence of fraud, which is not charged. The plea studiously avoids showing whether or not appellee was the wife of C. F. Calkins, although it is so charged in the declaration, to which the plea purports to be an answer and a bar. As the declaration is not negatived in that particular, it will be presumed that such was the fact. If that be so, then the appellee had dower interest in the equity of C. F. Calkins under the last purchase at least, which was in full force, subject to the payment of the purchase price of the land, $2,000. Conceding that the inchoate right of dower of appellee was subject to the payment of the purchase money, it was not in the condition in which it was placed after she signed the last deed. If appellee was required to have any interest in the premises deeded, to support appellant's contract sued on, given in consideration of such deed, we are of the opinion that her interest was sufficient, and the change of title beneficial to appellant. If her deed was a warranty, then the covenants were sufficient to support her deed; if a quit claim (and we may suppose the deed either), then no title was required in her, to support the contract.

From what we have said, it follows that the declaration showed a sufficient consideration to support the contract, and that it was and is good. The court, therefore, committed no error in sustaining the demurrer to the pleas, and in holding the declaration good. The instrument sued on and notes of Calkins together, were sufficient proof of the

amount due, and it all rested in computation, after the fact of payment of the note by C. F. Calkins, was admitted as shown in the declaration, which was accomplished by failure to plead.

The judgment of the court below is therefore affirmed.