## Dickison v. Garland.

1. *Pleading—Sufficiency of Assets to Pay Claims, etc.*—A plea of sufficient assets in the hands of the executor to pay the debts, by an heir and legatee of the deceased person, to an action brought against him for a breach of a covenant for title in a deed of real property, executed by his deceased ancestor, and delivered to the plaintiff in the suit which simply shows that after paying all debts, legacies, and expenses of administration, there remained in the hands of the executor $6,000, which might have been applied to the payment of claims sued on, is not a sufficient plea, where the claim in suit did not accrue until the plaintiff had been evicted from the property, causing the damages sought to be recovered, and after the estate had been settled and the assets distributed.

2. *Pleadings—Riens Per Descent.*—Under the statute of frauds and perjuries a plea of *riens per descent* by an heir and devisee in an action of covenant, which fails to negative the charge in the declaration that there were lands devised to him, though sufficient at common law, where the action could be maintained only against the heir who received land from the ancestor by descent, is not sufficient under Secs. 12 and 13 of Chap. 59, R. S., entitled "Frauds and Perjuries."

3. *Practice—Abiding by a Plea—Writ of Inquiry.*—In an action against the devisees and heirs of a deceased person upon a covenant for title, in a deed of real property executed by the common ancestor, the defendants filed pleas of *riens per descent*, of *plene administravit* and of sufficient assets in the hands of the executor, to which demurrers were sustained and the defendants abided by their pleas. *It was held* that the court would have been justified in giving judgment against the defendants without any writ of inquiry of the lands, tenements or hereditaments, or rents and profits out of the same descended or devised, under Sec. 13 of Chap. 59, R. S., entitled " Frauds and Perjuries."

4. *Practice—Effect of Not Denying Facts Alleged.*—All facts alleged and not denied by a plea are admitted the same as though a default were taken.

**Memorandum.**—Action of covenant. Appeal from a judgment rendered by the Circuit Court of Peoria County; the Hon. Thomas M. Shaw, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

Appellant's Brief, McCulloch & McCulloch and Arthur. Keithley, Attorneys.

At common law an action was given against the heir in order to charge the lands coming to him by inheritance for

Dickison v. Garland.

certain classes of debts of his ancestor, but such action did not charge him personally. It was a proceeding very similar to that which is now given against an administrator to charge the personal assets of the deceased with his debts, or it might be likened to a *scire facias* to revive a judgment against a deceased debtor in order to obtain execution against his lands. But it was essential to the action that lands should have come to the heir by inheritance, and not any other way. Rawle on Covenants for Title, 586; 2 Lomax on Executors, 404; Vansyckle v. Richardson, 13 Ill. 171; Ryan v. Jones, 15 Ill. 1.

It was also essential that the lands should have remained in the hands of the heir at the time of the commencement of the action; for if he had aliened them before suit brought the creditor was without remedy. Davy v. Pepys, Plowd. 439; Buckley v. Nightingale, 1 Str. 665; Rawle on Covenants, 589; 2 Lomax on Executors, 241; 1 Cruise's Digest, 57 and notes; Wilson v. Knubley, 7 East, 128; Bailey v. Ekins, 7 Ves. 319.

Without having acquired a legal estate by inheritance from his ancestor, the heir was not liable for a breach of covenant occurring after the death of the ancestor. 1 Chitty's Pleading, 53; Plunkett v. Penson, 2 Atk. 294.

Therefore if the ancestor had devised all his lands by his will no action could have been maintained against either the heir or devisee. Rawle on Covenants, 594; Plasket v. Beeby, 4 East, 491; 2 Leading Cases in Eq. 293.

Appellee's Brief, Daniel F. Raum, Attorney.

No cause of action accrued to appellee until a breach of the covenants by eviction, and recovery of damages, which was long after the final order for distribution of the fund in the hands of the executor of Griffith Dickison was made. The claim was not one that could have been filed against the estate within two years from the granting of letters testamentary. Bridgeford et al. v. Riddell et al., 55 Ill. 269; Dugger et al. v. Oglesby, 99 Ill. 405.

In joint actions under the statute the executor or admin-

istrator may insist upon this limitation of two years; and if he does so successfully, the plaintiff must take judgment against him to be satisfied out of newly discovered estate. But heirs and devisees can not rely upon this limitation. They may insist upon the general statute of limitations, and, if successful, may wholly defeat a recovery against them. Ryan v. Jones, 15 Ill. 1; Dugger et al. v. Oglesby, 99 Ill. 405.

OPINION OF THE COURT, LACEY, J.

This suit was brought by the appellee, in an action of covenant against the appellants, the only heirs of Griffith Dickison, deceased, who are devisees of lands, by his last will and testament duly proven. The foundation of the action is a warranty deed, executed by the deceased to the appellee, for certain real estate therein described. The appellee avers in his declaration that the deceased, Griffith Dickison, was not seized of the real estate mentioned, in that it was incumbered, and that he could not enjoy the possession of the same by virtue of the deed; that Margaret C. Dickison had a right of dower in the land and still had it, and by decree of the Circuit Court of Peoria County, August 19, 1889, appellee was evicted from a portion of the premises, to wit, twenty-five rods off of the west side of the forty, by eighty rods long; claims for costs paid to Margaret C. Dickison, spent in endeavoring to defend the suit, and damages paid to Margaret C. Dickison. By an amendment of the declaration it was averred that Wm. B. Dickison was appointed executor of the last will and testament of Griffith Dickison, deceased.

It appears that John A. Dickison and Wm. B. Dickison, two of the defendants, filed pleas of *non est factum* and eleven other pleas, and Wm. B. Dickison, executor, filed a plea of *plene administravit.*

The court sustained a demurrer to the second, third, fourth, fifth, sixth, eighth and eleventh, and overruled it as to the tenth plea, and John A. Dickison abided by his pleas. The court sustained a demurrer also, to the second, third,

fourth, fifth, eighth and tenth, and overruled it as to the
seventh of the pleas, filed by Wm. B. Dickison. He also
abided by his pleas. Fred Dickison, a minor, filed a plea
of *non est factum*, by his guardian. There was a trial by
a jury and verdict and judgment for $952.70, in favor of
the appellee.

The third plea by John A. Dickison is attempted to be
a plea of sufficient assets remaining in hands of execu-
tor to pay all the debts, but it fails to amount to that, and
does not contain the necessary averments. It simply shows
that after paying all debts and legacies and expenses of ad-
ministration for which the estate of the deceased, Griffith
Dickison, was liable, there remained in the hands of the
executor $6,000, which might have been applied to the pay-
ment of the claims sued on. But that was not a sufficient
plea. The claim in suit did not accrue until after the ap-
pellee was evicted from the land, thereby causing the dam-
ages complained of, and long after the estate was completely
settled and all the assets distributed, amounting to $1,000
each to all deceased's heirs, except two who were not
entitled under the will to any share of the personal estate.

Therefore, the personal assets of the deceased, shown in
the plea, were not available in the hands of the executor for
the payment of appellee's claim at the time of the com-
mencement of the suit, and these facts so appeared from the
allegations of the declaration.

The statute provides that all demands against an estate
not exhibited to the County Court within two years of the
granting of letters of administration, shall be forever barred,
except as to subsequently discovered estate not inventoried
or accounted for by the executor or administrator.

The plea then failed to show a defense; failed to negative
the existence of facts upon which such a plea, to make it
good, should be based. This has been fully held in the case
of Dugger et al. v. Oglesby, 99 Ill. 405.

The pleas of *riens per descent* were not good, as they failed
to negative the charge in the declaration that there were
lands devised by Griffith Dickison, deceased, to the defend-

ants. These pleas may have been good at common law, where this kind of an action could not be maintained by the creditor of an ancestor against his heirs, except against those who received their lands by descent.

The pleas attempt to answer the whole declaration, but as they were drawn they were wholly immaterial. This objection applies to the fifth plea, as well as to all similar ones. The complaint that the court found facts that the jury ought to have found is not well taken.

The special pleas of the defendant having been demurred to, and the demurrer sustained, there were no issues on any of the pleas of *riens per descent*, *plene administravit* or sufficient assets in hands of executor or other special pleas, and the court would have been justified in giving judgment on the verdict against the defendants, without any writ to inquire of the lands, tenements or hereditaments or rents and profits out of the same, descended or devised under section 13, chapter 59, R. S., entitled Frauds and Perjuries, for all facts not denied by plea are admitted the same as though default were taken.

The court, however, did, in substance, without a writ of inquiry, limit the recovery against each defendant to the value or less, of the land descended to them or either of them.

The judgment appears to be in the form of the one in a similar case approved by the Supreme Court in Dugger et al. v. Oglesby, *supra*. The claim in this case seems to be a just one, and the right of recovery sanctioned by our statute. Only the merest technicalities are interposed to sustain a reversal.

We find none of the objections made of sufficient importance to justify it. The judgment of the court below is affirmed.