## Charles E. Smith, Appellant, v. Frank C. Bellrose, Appellee.

### Gen. No. 6,123.

1. PLEADING, § 462*—*when failure to join issues in writing waived.* Failure to join issues in writing is waived by voluntarily proceeding to trial.

2. SET-OFF AND RECOUPMENT, § 2*—*what is nature of plea of set-off.* A plea of set-off does not deny the cause of action as alleged but admits it and seeks to avoid it because of new matter set up.

3. PLEADING, § 117*—*when matter in declaration not denied deemed admitted.* When a matter material to the issues is alleged in the declaration and is not denied by a plea, it is admitted and will be presumed to be a fact.

4. LANDLORD AND TENANT, § 321*—*when evidence as to lack of title in landlord inadmissible.* In an action for rent, the tenant cannot introduce evidence to show that his landlord has no title to the demised premises.

5. LANDLORD AND TENANT, § 311*—*what damages may be set off in action for rent.* In an action for rent, damages to the tenant resulting from an unlawful eviction by the landlord may be set off.

6. LANDLORD AND TENANT, § 262*—*what does not constitute an eviction.* A statement by a landlord's agent to a tenant that he must vacate the premises if he does not pay the rent agreed is not an eviction.

7. LANDLORD AND TENANT, § 262*—*what constitutes an eviction.* While it is not necessary that there should be an actual, physical expulsion from the premises occupied by a tenant to constitute an eviction, yet it is necessary that the landlord do some act which disturbs the tenant's possession, or which amounts to a clear indication of an intention on the part of the landlord to deprive the tenant of the enjoyment of the premises as demised to him.

8. INSTRUCTIONS, § 118*—*when improper as not in conformity with evidence.* An instruction which failed to charge the jury that they should confine themselves to the evidence in forming their belief as to matters in issue, *held* erroneous.

9. INSTRUCTIONS, § 115*—*when giving instruction as to allegations unsupported by evidence is improper.* The giving of an instruction concerning allegations of which there is no evidence to support is erroneous.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

10.  INSTRUCTIONS, § 63*—*when improper as assuming facts.* An instruction assuming facts disproved by the evidence is erroneous.

11.  LANDLORD AND TENANT, § 325a*—*when instruction on right of tenant to remove sand erroneous.* In an action to recover royalties on sand removed by the defendant from the plaintiff's premises, through which a railroad's right of way ran, where though the lease did not actually describe such right of way, it clearly appeared · that it was a part of the demised premises, an instruction that the plaintiff could not recover for sand removed from such right of way unless it was described in the lease, *held* erroneous.

12.  LANDLORD AND TENANT—*when tenant liable for removal of sand.* The owner of land may recover of a tenant for sand mined by him, in accordance with a lease, on a railroad's right of way running over such land.

13.  LANDLORD AND TENANT, § 318*—*when evidence inadmissible under plea of set-off.* In an action by a landowner for royalties for sand removed by a tenant, under a plea of set-off averring an unlawful eviction, ˊand damages consisting of money expended in stripping off the surface material preparatory to the removal of the sand, evidence of what would be a fair charge for such stripping, *held* inadmissible.

Appeal from the Circuit Court of La Salle county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 14, 1916. Rehearing denied May 24, 1916.

L. W. BREWER and BUTTERS & CLARK, for appellant.

H. M. KELLY and BROWNE & WILEY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action of assumpsit brought by the appellant, Charles E. Smith, in the Circuit Court of La Salle county, against the appellee, Frank C. Bellrose, for the recovery of money claimed to be due as rent for certain premises demised to appellee. There was a trial by jury which resulted in a verdict for appellant, as-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sessing his damages at $1. Appellant thereupon made a motion for a new trial and in arrest of judgment, which motions were overruled by the court, and judgment rendered on the verdict, from which judgment the appellant has taken this appeal.

The appellant alleges in the first count of his declaration that he leased to appellee a tract of land, which is therein described, lying north of the Illinois & Michigan Canal, and a part of the east half of the north half of the southwest quarter of section 18, in township 33, La Salle county, for a term commencing February 1, 1904, to July 30, 1908, such leasing being in accordance with the terms and conditions of a certain lease theretofore executed between the appellant and one Harry W. Bellrose, and the last mentioned lease is set out in the count *in hæc verba,* and grants to the lessee the right to mine, remove and dispose of sand, and sand rock, situated on the premises, and provides for the payment by the lessee, as rent, a royalty of five cents per ton for each ton of sand, or sand rock; mined and removed from the premises; that the appellee in person and by his agents and employees entered into the possession of the demised premises, in accordance with and by virtue of the terms and provisions of said lease, and thereunder mined and removed from said premises during the term of said lease large quantities of sand, towit: 40,000 tons; that the appellant has in all things performed and kept the terms and provisions of said lease on his part, but that appellee failed to comply with the terms thereof, and failed to pay the royalty provided as rent in the lease for the sand taken and mined, and removed by him from said premises, namely, at the rate of five cents per ton, although requested so to do, to the damage of the plaintiff in the sum of $2,000.

The declaration also contains a second, third, fourth, fifth and sixth count; it also contains a seventh count which is the consolidated common counts. To this

declaration the appellee filed five pleas, namely: a plea of nonassumpsit; a plea of the Statute of Limitations; a plea of the Statute of Frauds, alleging that the agreement as set out in the declaration was not to be performed within a year; and another plea of the Statute of Frauds alleging that the contract was for the sale of an interest in lands, which was for a longer term than a year; also a plea of set-off or counterclaim, alleging that the appellant owes the appellee the sum of $2,000 for goods, chattels and effects before then sold and delivered by the appellee to the appellant; and a like sum for work and services before that time done and bestowed, and materials for the same work furnished by the appellee to the appellant, at his request; and in a like sum for moneys before that time paid and expended by the appellee for the use of the appellant at his request; and in a like sum for moneys found to be due from the appellant to the appellee on an account stated, which said sums of money so due from the appellant to the appellee exceeded the damages sustained by the appellant, by reason of the nonperformance by the appellee of the several supposed promises in the declaration mentioned, and out of which said sums of money the appellee is ready and willing and hereby offers to set off and allow to the appellant the full amount of said damages.

The appellant joined issue on the plea of nonassumpsit, which formed the general issue in the case, and demurred to the second, third and fourth special pleas, and filed a replication to the plea of set-off. Then appellee, by leave of court, withdrew the general issue so far as it pertained to the first count, and the court sustained a demurrer to the second, third and fourth special pleas. Appellee afterwards obtained leave to file two additional special pleas of the Statute of Frauds and the Statute of Limitations, and appellant obtained leave to file several replications to the special pleas on file. But the parties proceeded to trial

without issue having been joined on the special pleas and replications thereto.

Various questions are raised on appeal as to the competency and relevancy of the evidence adduced on the trial, and as to the propriety of giving certain instructions to the jury, and as to the extent of the liability of the appellee under the pleading and evidence.

The failure to join issue upon the special pleas and replications filed is not of importance, inasmuch as the parties voluntarily proceeded to trial without formal written issues joined in that regard. (*French v. Scobey,* 108 Ill. App. 606; *Chicago & A. Ry. Co. v. Jennings,* 114 Ill. App. 622; *Piot v. Davis,* 241 Ill. 434.)

The withdrawal of the general issue, so far as the same pertained to the first count, left as the only defense to that count the matters set up in the plea of set-off, and this plea does not deny the appellant's cause of action, as alleged in the first count, for rent due from appellee as tenant, but admits an indebtedness from the appellee to the appellant on that account, and because of the matters set up in the plea seeks to avoid it. (*Raymond v. Kerker,* 81 Ill. 381.)

When a matter material to the issues is alleged in the declaration and is not denied by a plea, such matter is admitted and it will be presumed to be a fact. (*Morrill v. Baggott,* 57 Ill. App. 530, affirmed in 157 Ill. 240; *Dickinson v. Garland,* 49 Ill. App. 578; *McNeal v. Calkins,* 50 Ill. App. 17; *Williams v. Boyden,* 33 Ill. App. 477; *Lindsay v. Stout,* 59 Ill. 491; *Orr, Saddler & Co. v. Gilbert,* 68 Ill. App. 429; *Culver v. Uthe,* 7 Ill. App. 468.)

Aside from the presumptions which arise from the pleadings, it is clearly established by the evidence that the appellant's claim, as well as the appellee's counter-claim, respectively, grew out of their relation of landlord and tenant. The proof shows that appellant claimed to own the tract of land—about 10.50 acres, described in the first count of the declaration. It

formed a rectangular strip, about 748 feet in length, lying north of the Illinois and Michigan Canal,—and that the right of way of the Chicago, Rock Island and Pacific Railway Company ran lengthwise through this tract of ground. Upon this claimed tract, on the north side of the tracks of the railway company and extending partly on the right of way of said railway, there were large bodies of sand rock and sand, which were valuable for commercial and manufacturing purposes.

It was this tract of land, including the right of way of the railway through the same, that appellee obtained the possession of under the terms of the lease in question, as tenant of appellant. The appellee commenced operations for the removal of the sand about February 11, 1904, paying for the same in monthly payments, and continued in this manner until September, 1906, a period of about two years and a half. A part of the sand which was mined during this period was taken from what constituted the right of way of the railway company, and a part from the land north of the right of way.

It is apparent that about September, 1906, the appellee reached the conclusion that appellant did not have the legal title to the sand and sand rock, which was situated on that part of the tract designated as the right of way of the railway company, and thereupon made a new arrangement with the railway company for mining and removing sand from this part of the premises. After making this new arrangement with the railway company, he denied appellant's title to the part mentioned and refused to pay him any more rent for the same.

The evidence and pleadings clearly establish that appellant was appellee's landlord; that the railroad right of way was on a part of the premises of which the appellee had become possessed as tenant of appellant, and that for over two years he mined sand from the same, as tenant of appellant, and paid rent for

the sand taken in the same manner as for sand mined
from other parts of the premises leased; that his sub-
sequent refusal to make further payment was based
upon a denial of the title of his landlord to this part
of the premises leased, and that after his refusal to
pay rent he nevertheless continued, without interrup-
tion, to occupy this part and to mine sand thereon,
under what he claimed was a superior title in the Chi-
cago, Rock Island & Pacific Railway Company.

That a tenant cannot dispute the title of his land-
lord to the premises which he has obtained the pos-
session of as tenant while he remains in possession
thereof, is a principle of law that is so well settled
as to be axiomatic. (*Gable v. Wetherholt,* 116 Ill. 313;
*Fortier v. Ballance,* 10 Ill. (5 Gilm.) 41; *Mackin v.
Haven,* 187 Ill. 480; *Doty v. Burdick,* 83 Ill. 473; *Cox
v. Cunningham,* 77 Ill. 545; *Hardin v. Forsythe,* 99 Ill.
312; *Haynes v. Sherwin-Williams Co.,* 126 Ill. App.
414; *Knefel v. Daly,* 91 Ill. App. 320.) And for the
reasons stated, all the evidence introduced by appellee
on the trial for the purpose of showing that appellant
had no title to the strip of ground in dispute was in-
competent.

Appellee insists that he was ordered off of a part
of the premises in question by the appellant, through
appellant's agent, William A. Smith, that is to say,
that he was evicted therefrom. And that in conse-
quence of this ordering off or eviction he was damaged
to the extent of about $1,800, this being the amount
which would be considered a reasonable and fair
charge for the expense of stripping a section of sand
rock, which he had caused to be stripped preparatory
to mining and removing the sand; and that on account
of his eviction he lost the benefit of this stripping and
the work done and money expenses therefor. If the
appellee was, in fact, evicted, and on that account suf-
fered damages, there is no doubt about his legal right
to recoup such damages as a set-off against the rent

due to appellant. But the record does not disclose any eviction, and the only ordering off which appears to have been done was done by appellee himself when he called off his employees from their work of stripping on the part of the premises mentioned, and directed that his "stuff—tools and things—" be taken to the right of way, which was another part of the same premises.

Appellee claimed that this was done by him in consequence of what he states William A. Smith said to him, as agent of his brother, the appellant; but what William A. Smith told him, according to appellee's own testimony, was this: "Well, Frank, Charlie told me to tell you not to take any more sand off from his place there, if you ain't going to pay for it." This language cannot reasonably be construed into an ordering off, or an eviction. It was, in effect, the same as if a landlord had said to his tenant: "I don't want you to occupy these premises if you are not going to pay the rent which you agreed to pay in your lease." And the inference from the language used is inevitable that if he was willing to pay the rent, which was appellee's legal obligation, appellant was willing that he should take the sand. Appellee's refusal to take the sand he had stripped was, in effect, an admission that he was unwilling to pay for it; in which case he would have no legal right to take it under the terms of his lease.

While it is not necessary that there should be an actual, physical expulsion from the premises occupied by the tenant to constitute an eviction, yet it is necessary that the landlord do some act which disturbs the tenant's possession, or which amounts to a clear indication of an intention on the part of the landlord to deprive the tenant of the enjoyment of the premises as demised to him to constitute an eviction. (*Keating v. Springer,* 146 Ill. 481; *Hayner v. Smith,* 63 Ill. 430.)

Some of the instructions given contain statements

which were prejudicial to appellant's right to recover. Instruction No. 22, given for appellee, contains this language: "Yet if you further believe that plaintiff, by himself, or his agent, William A. Smith, determined and declared at an end the rights of defendant to continue to mine such sand as a tenant, and ordered him from the premises, and if you further believe that pursuant to such order defendant left the premises of plaintiff and thereafter mined sand from the right of way of the Chicago, Rock Island & Pacific Railroad Company, and that such right of way was not described in said lease, then and in that instance plaintiff would be without right to charge defendant for such sand as was mined and shipped by him from the right of way of the Chicago, Rock Island and Pacific Railroad Company."

Under the terms of this instruction it was not necessary for the jury to form their belief concerning the matters stated in the part of the instruction above quoted, from the evidence, as the law requires, and it allowed the jury, regardless of any evidence, to form a belief that appellee left appellant's premises pursuant to an order by the appellant, when as a matter of fact there is no evidence whatever in the record to show that appellee was ordered off of the premises leased to him. The instruction also assumes that appellee left appellant's premises, when the proof shows that he did not leave the premises leased to him, which in this case must be regarded as appellant's premises, but on the contrary the proof is to the effect that he remained in possession of them after the alleged ordering off, and mined sand from the same. This instruction also bases appellant's right to recover upon the condition that the railroad right of way was described in the lease. Inasmuch as the right of way was not actually described in the lease, although clearly a part of the demised premises, this part of the instruction practically directs a verdict against appel-

lant's right to recover rent for the sand mined on the railroad right of way, for which appellant claimed the right to recover rent as a part of the premises leased to appellee. It is evident, therefore, that the instruction is defective and misleading.

Instruction No. 23 is as follows: "The court instructs the jury, as a matter of law, that if you believe that the sand mined by defendant and for which plaintiff claims an amount to be due and owing from defendant, was in fact mined from the right of way of the Chicago, Rock Island & Pacific Railroad Company, and not from any premises described in the written lease offered in evidence, then, and in that instance, plaintiff cannot recover for such sand so mined from the right of way of the Chicago, Rock Island & Pacific Railroad Company." It will be noticed that this instruction tells the jury, in effect, that the right of way of the Chicago, Rock Island & Pacific Railway Company is not a part of the premises described in the lease and that therefore appellant could not recover for sand mined on such right of way, and directs a verdict on that question. This is clearly in contravention of appellant's legal right to recover for sand mined on that part of the right of way which was occupied by appellee as tenant of appellant.

Some of the objectionable features mentioned appear also in instruction No. 28, and in other instructions which were given for appellee. Instruction No. 26 had reference to appellee's claim of set-off. The evidence concerning what would be a fair charge for stripping was not admissible under the averments of the plea; nor was it competent matter to be considered by the jury, in recoupment against appellant's claim for rent, inasmuch as the recoupment was based on a claim of eviction, and the evidence does not show any eviction. The instruction was therefore erroneous.

For the reasons stated, the judgment should be reversed and the cause remanded for another trial.

*Reversed and remanded.*