CHESNEY WAINWRIGHT *et al.*, Plaintiff-Appellants, *v.* MYRNA LYONS, Defendant-Appellee—(PAUL CARLSON, Defendant.)

Third District   No. 78-423

Opinion filed July 19, 1979.

William H. Dailey, of Califf, Harper, Fox and Dailey, of Moline, for appellants.

Dan H. McNeal, of Moline, and Dorothea O'Dean, of Rock Island, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiffs Clifford and Chesney Wainwright, tenants on defendant Myrna Lyons' farm, appeal from a judgment for defendant in an action to recover damages for the alleged wrongful eviction of plaintiffs.

According to the record on appeal, after defendant Myrna Lyons, a resident of Iowa, inherited a 160-acre farm in Caroe Creek Township, Rock Island County, Illinois, her husband, acting as her agent, orally agreed to lease the farm for one year on a 50-50 share basis to plaintiffs who were brothers and who farmed as partners. Plaintiffs were able to enter upon the land beginning September 1, 1974, and during the fall of 1974, plaintiffs plowed and planted winter wheat on part of the land. In the spring of 1975, plaintiffs planted corn and beans. The lease was orally renewed for 1975-76, and during October of 1976, plaintiffs harvested 45 acres of soybeans and immediately began fall plowing the ground. When plaintiffs called defendant to find out whether she wanted the soybeans stored or sold, her husband told them that the farm had been sold and that plaintiffs "had better quit plowing." Later Chesney Wainwright told Mr. Lyons that since no notice of termination of the lease had been given, he thought he should get the farm for another year. Lyons replied that there might have to be some compensation. In March of 1977, Chesney Wainwright gave the tenant of the new owner permission to begin plowing, after earlier refusing to allow him to enter upon the farm. In April 1977, plaintiffs filed this suit for damages. The purchaser, Paul Carlson, was originally joined with Myrna Lyons as a defendant, but prior to trial plaintiffs dismissed him from the case. In count I plaintiffs sought $22,091 damages for the wrongful termination of their lease, and in count II they asked for $3,647.96 for defendant's one-half share of past farm expenses.

At the conclusion of the bench trial, the trial court prepared a written opinion wherein it was found that plaintiffs had an absolute right to lease the farm for the 1976-77 year, that there was neither a physical ouster nor a constructive eviction, that plaintiffs retained possession until March of 1977, that plaintiffs' surrender of possession was voluntary and did not give rise to a cause of action, and that plaintiffs' claim for unpaid expenses

was proper. The court entered judgment for plaintiffs in the sum of $3,647.96, and denied all other claims. Plaintiffs appeal from that portion of the judgment which denied their claim of wrongful eviction.

■■ The sole issue on appeal is whether the finding of no constructive eviction was contrary to the manifest weight of the evidence. Plaintiffs, who waived oral argument, contend that "the intended effect" of the owner's instructions to quit plowing was to order plaintiffs off the farm. They also argue that defendant intended to terminate the lease, and that plaintiffs "honestly believed" they were evicted, and that an actual eviction took place. We think it obvious that plaintiffs are asking us to substitute our judgment for that of the trier of fact and to draw our own inferences from the evidence. This, of course, we cannot do.

In *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624, the supreme court stated:

> "Although a trial court's holding is always subject to review, this court will not disturb a trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. [Citations.] Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn a judgment merely because we might disagree with it or might, had we been the trier of facts, have come to a different conclusion."

■■ We think defendant's instruction to plaintiffs to quit plowing was susceptible to more than one meaning and was not necessarily a notice to quit. Even if the statement did amount to an order to vacate the premises, it was not sufficient to constitute a constructive eviction as a matter of law.

> "A constructive eviction has been defined as 'something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the premises.'" *Gillette v. Anderson* (1972), 4 Ill. App. 3d 838, 842, 282 N.E.2d 149, 151.

In *Keating v. Springer* (1893), 146 Ill. 481, 34 N.E. 558, and *Smith v. Bellrose* (1916), 200 Ill. App. 368, it was indicated that conduct or acts are required on the part of the landlord, not mere words. Here there were no acts by defendant, and furthermore, the tenants were not in fact deprived "of the enjoyment of the premises" in October of 1976, since they did not surrender possession to the new owner's tenant until March of 1977. Ordinarily, a constructive eviction cannot occur unless the tenant ceases to occupy the premises. (*Gillette v. Anderson.*) We think plaintiffs' denial of access to the farm to the new tenant was sufficient to support the trial

1046

court's finding that plaintiffs retained possession of the premises until March of 1977 at which time they voluntarily surrendered possession, thereby waiving their rights to continue their lease.

For the reasons stated, we affirm the judgment entered in the Circuit Court of Rock Island County.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.