## CAPITAL CITY MUTUAL FIRE INSURANCE COMPANY
### v.
### GEORGE E. DETWILER.

*Accord and Satisfaction—Breach of Contract under Seal—Waiver of Cause of Action by Parol—Pleading—Fraud:*

1. Where the amount of a debt is unascertained and not fixed or certain, the payment and acceptance in satisfaction of a less sum than that claimed will support a plea of accord and satisfaction.

2. After breach of an agreement under seal, a cause of action arising from such breach may be waived or released by a new agreement not under seal.

3. It is an old and well settled rule of pleading that whatever is traversable, and not traversed, is admitted.

4. In an action to recover for services rendered by the plaintiff as agent of the defendant insurance company, it is *held:* That as the case stood upon the pleadings and evidence, the defense of accord and satisfaction was established; and that the plaintiff was in no position to avoid it on the ground of fraud.

[Opinion filed November 9, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

This was assumpsit brought January 2, 1886, by appellee Detwiler as plaintiff, against the insurance company, appellant, to recover for services as agent rendered by the former for the latter, and damages for an alleged wrongful discharge of plaintiff by and from the employment of the defendant as its general agent. The declaration contains one special and the common counts for 'work and labor. The special count sets out, *in haec verba*, a contract under seal, between the parties, made September 29, 1882, whereby the defendant agreed to employ the plaintiff as general agent in certain described territory for the period of five years, and allow him a compensation, the terms and amount of which are therein specified; avers performance on the part of plaintiff, and his wrongful discharge from such employment by defendant, February 11, 1884, and damage.

The defendant filed the plea of general issue and two special pleas of accord and satisfaction, in substance, that after the making of the promises and the time of such alleged wrongful discharge of plaintiff, and April 21, 1884, the parties entered into an agreement as follows:

"Received from G. E. Detwiler one hundred seventy and 48-100 dollars in full settlement of accounts to May 1, 1884, except premium of ($30) on risk of Joseph Morris and assessment of W. D. Burgess & Co. This settlement is made on the basis of a contract in force between G. E. Detwiler and the Capital City Mutual Fire Insurance Company, and it is hereby understood that the said Detwiler shall be allowed commissions on business formerly placed by said Detwiler, that is cancelled and re-written by said company, the same as if placed by said Detwiler.   April 21, 1884.

   " G. E. Detwiler,
   "Capital City Mutual Fire Insurance Co.
   " C. B. Funston, Secretary."

The plea then avers that the plaintiff entered into and accepted said agreement in full satisfaction and discharge of said several promises, and all the sums of money in said declaration mentioned; also performance by defendant, payment to and acceptance by the plaintiff of the several sums of money in said agreement mentioned. To these pleas the plaintiff filed but one replication, viz., the following traverse: "That the plaintiff did not deliver the said supposed writing in the said pleas mentioned in full satisfaction and discharge of the said several promises and undertakings in the said declaration mentioned," concluding to the country.

Upon the issues so formed the parties submitted the case to the court for trial without jury. The plaintiff gave in evidence the agreement of hiring set out in his special count and testimony tending to show a breach thereof by the defendant in discharging him from its employment in February, 1884. The evidence of both parties showed that each of plaintiff's claims for damages, was for amounts unascertained and in dispute. The defendant proved the entering into by the parties of the new agreement of April 21, 1884, set out in its pleas of accord and satisfaction. The plaintiff sought to overthrow that defense by showing fraud and mistake.

The court found the issues for the plaintiff, and assessed his damages at $1,382.70, for which judgment was given, and the defendant prosecutes this appeal.

Messrs. CAMPBELL, HAMILTON & CUSTER, for appellant.

Messrs. L. A. McDONALD, WILBER & ELDRIDGE and C. H. & C. B. WOOD, for appellee.

McALLISTER, J. The plaintiff below must, under the pleadings in the case, be taken as bound upon the trial to the theory and position that there had been a breach by the defendant of the contract of hiring set out in his special count prior to the time of entry into the new agreement of compromise set out in defendant's special pleas of accord and satisfaction. That being the case, then, although the former

Capital City Mutual Fire Ins. Co. v. Detwiler.

agreement was under seal and the latter not, yet as to the consequences of a breach of such sealed agreement of hiring, it was entirely competent for the parties to so deal with them by parol as to waive or release any cause of action arising from such breach. Delacroix v. Bulkley, 13 Wend. 71.

It is a general rule that where the amount of a debt is fixed and certain, or capable of being reduced to certainty by computation, the payment of a part of such debt can not have the effect of an accord and satisfaction without a release under seal. But where the amount or debt is unascertained and not fixed or certain, as in this case, the rule is otherwise, and the payment and acceptance in satisfaction of a less sum will support a plea of accord and satisfaction. Palmerton v. Huxford, 4 Den. 166; Mathias v. Bryson, 4 Jones (N. C. Law) 508; Cool v. Stone, 4 Iowa, 218; McDaniels v. Lapham, 21 Vt. 222; Taylor v. Nussbaum, 2 Duer, 302; Harris v. Story, 2 E. D. Smith, 363; Neary v. Bostwick, 2 Hilt. 514.

There was, therefore, no insuperable legal difficulty in the way of maintaining the defense of accord and satisfaction, or of account stated and payment.

The plaintiff was in no position to overthrow that defense on the ground of fraud or mistake, because there was no replication to that effect. Indeed the replication which was filed did not traverse the averment of the pleas of the plaintiff having accepted the new agreement set out in the pleas and the money payable thereunder in full satisfaction of the several sums claimed in the declaration. That averment was traversable, and it is an old and well settled rule of pleading that whatever is traversable, and not traversed, is admitted. 7 Bac. Abr., Tit. Pl., H, 4; Hudson v. Jones, 1 Salk. 91.

Gould says: "Each party tacitly admits all such traversable allegations on the opposite side, as he does not traverse. For as each party is allowed to deny in some form (either by a general or precise traverse) all material facts alleged against him, the omission by either party to traverse any such alleged by his adversary, is justly considered as an admission of it." Again he says: "Whatever has been admitted on both sides, in the pleadings, can not be contradicted in the subsequent

pleadings, or even by the verdict.. For neither party can retract what he has before conceded on the record, and the jury have no authority to find any other facts than such as are put in issue." Gould on Pleading, Secs. 167, 168, Chap. 3.

We are of opinion that, as the case stood upon the pleadings and evidence, the defense of accord and satisfaction was established and the plaintiff was in no position to avoid it on the ground of fraud, he having replied, no such matter.

The judgment of the court below will, therefore, be reversed and the cause remanded.

*Judgment reversed.*