SAMUEL WILLIAMS AND EDWARD N. HURLBUT

v.

NOEL BOYDEN, FOR USE, ETC.

*Replevin—Suit upon Bond—Sureties—Dismissal of Suit—Judgment for Return—Failure to do so—Pleading.*

1. In pleading at law, every traversable allegation which is not traversed is admitted.

2. An issue settled by the pleadings in a given case must be taken as conclusive.

3. In an action against the sureties upon a replevin bond, it being alleged that the defendants in the suit had judgment for return of the goods in question, and that the same had not been returned, this court holds that the introduction therein of the record of a judgment in the replevin suit, from which it did not appear that a judgment for return had been rendered, would not estop a recovery, for the reason that the averment in the declaration of a judgment of return not having been traversed, the same was admitted, and no proof in support thereof was required.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. CRATTY BROTHERS & ASHCRAFT, for appellants.

Mr. C. S. BEATTIE, for appellee.

MORAN, J.   This was an action on a replevin bond against appellants, who were sureties thereon. The declaration averred the execution and delivery of the bond, and the taking of the goods under the replevin writ; that afterward the replevin suit was dismissed, and that the defendants in said suit had judgment for return of the said goods and chattels, and that the same had not been returned. Appellants pleaded *nil debet*, and a special plea alleging that there was no trial of the merits in the replevin suit, and that at the time of the commencement of said replevin suit and at the time of the

trial thereof, appellants were the owners, and entitled to the possession of said goods and chattels. The plea of *nil debet* was demurred out, and the case went to trial on the issues presented by the special plea. Appellees proved their case in the usual manner, except that they unnecessarily introduced the record of a judgment in the replevin suit, from which record it did not appear that a judgment for return of the goods and chattels in question had been rendered by the court, Appellants introduced no evidence, and there was a verdict against them and a judgment for the penalty of the bond and for damages—$270. From this judgment appellants appeal, and urge that appellees proved, by the record of judgment in the replevin suit, that no judgment for the return of the property was rendered, and no judgment should be against appellants upon the bond, and Vinyard v. Barnes, 124 Ill. 349, is relied on to support this conclusion. It does not appear from that case what distinct issues were made by the pleadings.

If the declaration averred a judgment of *retorno*, and the plea put such averment in issue, it was of course incumbent on the plaintiff to prove his allegation, as the Supreme Court said the *onus* was on the plaintiff to show a judgment awarding a return of the property, and having failed to make his proof, he could not have his judgment. Here a different question is presented. The declaration avers a judgment of return, and the plea not having traversed that allegation, it stands admitted on the record, and no proof in support of such allegation was required. In pleading at law, every traversable allegation which is not traversed is admitted. Capital City Mutual Fire Ins. Co. v. Detwiler, 23 Ill. App. 656; Bacon's Abr., title, Pleas & Pldg., p. 459; Hanchett v. Buckley, 27 Ill. App. 159.

If, then, no record of the judgment had been introduced, the fact that a judgment of *retorno* had been rendered stood conclusively proved for the purpose of the trial. Was the condition changed by the plaintiff's introducing a transcript of a judgment order, which did not show a judgment of *retorno?* We think not; *non constat* that such judgment of *retorno* was not entered during the term. But further, the jury were

bound to find that issue as it was admitted by the pleadings, or rather, that issue having been settled by the pleadings, must be taken as conclusive, and the jury had no authority to find upon it, no matter what the evidence was. "Whatever has been admitted on both sides in the pleadings can not be contradicted, either in the subsequent pleadings, or even by the verdict." Gould on Pleadings, Sec. 167–168, Chap. 3. "If the jury find one thing contrary to some other thing that is confessed, or not denied, in the pleadings, the verdict is as to so much, bad, because the jury had nothing to do with that which is confessed, or not denied, in the pleadings." Bacon Abr., title, Verdict W. P. 353.

The authorities are in conflict with appellant's contention. The judgment is correct and must be affirmed.

*Judgment affirmed.*