## Charles A. Morrill v. Edward Baggott.

1. CONTRACTS—*Under Seal Can Not be Changed by Parol.*—A contract between landlord and tenant under seal can not be changed by an agreement between them which is not under seal.

2. PLEADING—*How Taken.*—A pleading is to be taken most strongly against the pleader.

3. SAME—*When Admitted.*—The allegations of a declaration not denied by a plea are admitted.

4. SATISFACTION—*What is Not.*—An acceptance of a sum less than the amount due upon an undisputed demand is no satisfaction.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Judgment on demurrer to pleas. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

*Copy of fifth plea:*

And the defendant, for a further plea in his behalf, says *actio non,* because he says that the several supposed causes of action of the said declaration mentioned are one and the same, to wit, the supposed cause of action in the first and second counts of said declaration mentioned, and not other or different causes of action; and defendant avers that after the making of the said lease and said guaranty in said counts mentioned, and before the said Richter and Berdie, or either of them, occupied said premises thereunder or by virtue thereof, to wit, on the 30th day of April, 1890, and when no rents were due thereon at said county and State, said plaintiff varied the terms and conditions of the supposed lease in said counts mentioned by agreeing in writing with the said Berdie and Richter that said Berdie and Richter should do and make certain carpenter work, such as laying floors, sheating work, do certain work on stairs and make certain wash basins and water closets in and upon said premises, in consideration of which said plaintiff agreed to allow and credit to said Berdie and Richter large sums of money, to wit, seven hundred dollars ($700), in lieu of the payment of rents in the lease in said counts mentioned was reserved to be paid; that after said agreement in writing, aforesaid, was made by said plaintiff with said Berdie and Richter, or one of them, did enter upon and occupy said premises, and did then and there in pursuance of said written agreement, aforesaid, do and perform a large amount of work according to the terms of the said agreement, aforesaid, in and upon said premises; and defendant alleges that said contract, aforesaid, was made by said plaintiff, and said Richter and Berdie, without consent of this defendant, and alleges that by reason of the premises aforesaid, that the terms of the said supposed lease in said counts mentioned were changed and altered without the consent of this defendant, by reason whereof this defendant was and is released and discharged from all obligation or liability by reason of the supposed guaranty in said first and second counts, and each of them, mentioned; and this the defendant is ready to verify; wherefore, he prays judgment, etc.

APPELLANT'S BRIEF, ASHCRAFT, GORDON & COX, ATTORNEYS.

Appellant contended that the fifth plea alleges such a change and alteration of the terms of the lease as to release

· him from liability on the guaranty, and cited the following authorities: Brant on Surety, (2d Ed.) Sec. 388; Whitcher v. Hall, 5 B. & C. Rep. 269; Holme v. Brunskill, 3 Q. B. 495; Cornell v. Eagan, 13 Daly, 505; Berthume v. Dozier, 10 Ga. 235; Watriss v. Pierce et al., 32 N. H. 560; Penn et al. v. Collins et al., 5 Rob. (La.) 13; Ryan v. Trustees, 14 Ill. 20; Warden v. Ryan, 37 Mo. App. 466; Christian & Gunn v. Keen, 80 Va. 369; Bowmaker v. Moore, 7 Price, 223; U. S. v. Corwine, 1 Bond (U. S. Cir. Ct.), 339.

H. C. BENNETT and W. A. PHELPS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is sued as guarantor of the payment of rent to accrue, under a lease from the appellee to Robert F. Bertie and Otto Richter.

Many pleas were filed by the appellant, all of which were held bad on demurrer and judgment entered for the appellee. The counsel of the appellant say in their brief that it is to the fifth plea " we desire to direct the special attention of the court," and their argument is almost wholly confined to that plea. We will only consider that plea, as it is clear that the defense relied upon, is the matter there stated. In effect that plea is that before the lessees entered, and when no rent was due, the appellee and the lessees, without the consent of the appellant, agreed in writing that the lessees should make certain repairs for $700, which should be credited on, in lieu of payment of, so much of the rent to accrue; and that the lessees performed.

The declaration is that the demise was by "indenture." As we have somewhere said, this word implies a seal, for which we cited 1 Ch. Pl. 313, Ed. 1828. And as we have somewhere also said, all contracts not of record, nor under seal, are of one dignity. " If they be merely written, and not specialties, they are parol; and they have the same efficacy, properties, and effect." 1 Ch. Cont. 5.

The appellant therefore attempts to change a contract between the landlord and tenant which was under seal by an

agreement between them which was not under seal; a thing which the Supreme Court in Chapman v. McGrew, 20 Ill. 101, decided should not be done even in behalf of a surety. That case has been followed very often. Sauber v. Collins, 40 Ill. App. 426.

As the plea does not state that the agreement relied upon was under seal it is to be presumed that it was not. Mager v. Hutchinson, 2 Gilm. 266.

And as the declaration states that the lease was by "indenture," which the plea does not deny, it is admitted. Williams v. Boyden, 33 Ill. App. 477.

There is a plea that the lessees at the request of the appellee performed labor and furnished material "at an agreed price of $700, which * * * was accepted by plaintiff in payment of all" alleged in the declaration, which was $2,041.69. An acceptance of less than is due upon an undisputed demand is no satisfaction. Martin v. White, 40 Ill. App. 281.

No dispute as to the amount due is stated in the plea.

There is no error, and the judgment is affirmed.