# Isaac M. Fellheimer v. W. R. Hainline, Coroner, use, etc.

1. Pleading—*Nil Debet in a Suit upon a Replevin Bond.*—A plea of *nil debet* is not proper to a declaration on a replevin bond.

2. Same—*Suit on a Replevin Bond—No Retorno—Award of Nominal Damages.*—In an action on a replevin bond, when the plea traverses the allegation that a return of the goods was awarded, the burden is upon the plaintiff, if he seeks to recover the value of the goods, to show a judgment awarding it, and failing to do so he will be entitled to no more than nominal damages.

3. Same—*Nul Tiel Record to a Declaration on a Replevin Bond.*—Where a declaration upon a replevin bond contains an allegation of an award of a *retorno habendo* by a court of record, such allegation is one of a material fact, the burden of proving which is upon the plaintiff if he seeks more than nominal damages. A plea of *nul tiel record* is not proper, for the action is not founded upon the record but upon the bond.

4. Practice—*Replication to Defective Pleas.*—Where a party waives the objection to a plea, defective in form by a replication, he can not afterward avail himself of such objection.

5. Sureties—*On Replevin Bonds.*—Where the plaintiff in a replevin suit suffers a non-suit and no return of the goods is awarded, the liability of the surety on the bond is limited to the failure of the plaintiff to prosecute his suit with effect.

Debt, on a replevin bond. Error to the County Court of McDonough County; the Hon. Crosby F. Wheat, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 29, 1896.

Louis Danziger, and Sherman & Tunnicliffs, attorneys for plaintiff in error, contended that the plaintiff in error is a surety; his obligation is to be strictly construed, and can not be varied or enlarged by judicial construction. Mix v. Singleton, 86 Ill. 194.

The replevin bond provides, "if the said Kohn shall prosecute his suit with effect and without delay, and make return of said property, if return thereof shall be awarded * * * then this obligation to be void, otherwise to remain in full force and effect." The condition to prosecute the suit to effect, and to make return of the property

are separate and distinct conditions. Evidence of a breach of one is not sufficient proof of a breach of the other. Vinyard v. Barnes, 124 Ill. 346.

When plaintiff Kohn dismissed his case, the court's duty was to order a return, if the evidence justified it, and if no return was adjudged, the presumption is that the defendant in the replevin was not entitled to it, for in the absence of anything to the contrary, it is always assumed that the court's judgment is the right one in the case and rendered in view of the evidence. St. Louis & Southeastern Ry. Co. v. Wheelis, 72 Ill. 538; Camp v. Small, 44 Ill. 37; Morton v. People, 47 Ill. 468; Herman v. Pardridge, 79 Ill. 471.

It is therefore to be presumed that the defendants were not entitled to the return of the goods; hence there is no breach of that condition of the bond, and in that event the surety is not liable. Vinyard v. Barnes, 124 Ill. 346.

The remedy for failure to return the property pursuant to a *retorno habendo* is by action on the replevin bond. Kantzer v. Albertson, 18 Ill. App. 313.

And in an action upon the replevin bond the rights of the parties in the replevin suit are fixed and deemed an adjudication. Warner v. Matthews, 18 Ill. 83.

NEECE & SON, H. C. AGNEW and BAILEY & HOLLY, attorneys for defendant in error.

To constitute a legal levy of an execution the property levied on must be in the possession and control of the officer with the execution. Minor v. Herriford, 25 Ill. 344; Havely v. Lowry, 30 Ill. 446.

Property must be in view and under control of the officer. 2 Freeman on Executions, pars. 260, 821; Davidson v. Meldon, 31 Ill. 120; Beekman v. Lansing, 20 Am. Dec. 707; Haggerty v. Miller, 8 Am. Dec. 321; Banks v. Evans, 48 Am. Dec. 734; Newman v. Hooke, 90 Am. Dec. 378.

The obligee in a replevin bond may bring his suit for the use of whatever person he likes; it is no concern to the defendant for whose use the suit is brought, nor is it necessary that the beneficial plaintiff have any interest in the

result of the suit.    Atkins v. Moore, use, etc., 82 Ill. 240;
Blatchford et al. v. Boyden, use, etc., 122 Ill. 657; Han-
chett, use, etc. v. Buckley, 27 Ill. App. 159; Tedrick, use,
etc., v. Wells et al., 59 Ill. App. 657.

A plea of *nul tiel record* is not a proper plea and does not
put in issue the question of a failure of the court to award
a writ of *habendo retorno* on dismissal of a replevin suit.
Tedrick, use, etc., v. Wells et al., 59 Ill. App. 657; Arnott v.
Friel, 50 Ill. 174; Mix v. People, use, etc., 86 Ill. 329.

The allegation in a declaration of a judgment of *retorno*
not being specifically denied by the pleadings is admitted,
although a record may be introduced in the case showing
no such award was in fact made; this is not sufficient to
overcome the admission.    Williams v. Boyden, 33 Ill. App.
477; Morrill v. Boggott, 57 Ill. App. 530.

Where a plea is ambiguous it will be construed most
strongly against the pleader.    Dennis v. Piper, 21 Ill. App.
169; Woodworth v. Paine's Adm'rs, Beech. Breese, 374;
Chamblin v. Blair, 58 Ill. 385.

A plea of *nul tiel record* is not a good plea as to the
record of the judgment in the replevin suit, and does not
put in issue the question as to whether there was an award
of the return of the property on the dismissal of that suit.
Tedrick, use, etc., v. Wells et al., 59 Ill. App. 657; Arnott v.
Friel, 50 Ill. 174; Mix v. People, use, etc., 86 Ill. 329.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION
OF THE COURT.

On December 12, 1893, Mrs. Jennie Stiebel confessed
judgment in favor of three several parties for $4,290.85,
$2,500 and $1,590.60 respectively, on which executions were
issued and levied, according to the sheriff's return, upon "a
stock of goods, ready made clothing, gent's furnishing goods,
trunks, valises and fixtures, situated in building known as
the Model Corner, Bushnell, McDonough county, Illinois;"
and on the 26th the "above described goods," excepting those
specifically selected by and allowed to her as exempt, were
by him sold as an entirety for $9,225, to Louis H. Kohn, of

Chicago, and possession given with the keys of the store. In the back part of the room, on one side, was a hollow counter twelve or fifteen feet long, made with lids shutting down with hinges, in which were stowed a lot of clothing, then unseasonable, but recognized as a part of the stock and shown to be of the value of $416.75. It was made two or three years before the sale for that purpose and had been so used; and was among the articles selected and allowed as exempt. But other goods being piled upon it, neither the sheriff nor Kohn knew it contained anything until some days after the sale.

On the 18th of December the Parotte-Andrews Co. recovered a judgment before A. W. Fallenthal, a justice of the peace of McDonough county, against Mrs. Stiebel for $146.50, and on the 27th she confessed a judgment for $721 in favor of S. Spear & Sons, on which executions were promptly issued and placed—one in the hands of E. A. Lane, a constable, and the other in those of J. S. Barker, the sheriff. When the counter goods were discovered these officers levied upon them, the constable taking on his writ a part, appraised at $300, and the sheriff on his the remainder, appraised at $116.75.

Thereupon Kohn sued out a writ of replevin against them directed to the coroner, defendant in error, on which he took the goods and delivered them to Kohn, who at the next term of the court dismissed his suit without a trial. Judgment therein was rendered against him for costs but without a *retorno*.

The cases here reviewed were actions of debt upon the bond so given to the coroner, brought in his name for the use, respectively, of the creditors under whose executions the defendants in said suit had taken and held the goods replevied: By agreement they were consolidated and tried together by the court without a jury and resulted in a finding for plaintiff in each and judgment in debt for the penalty and damages in the amount of the value of the goods replevied.

In the first, for the use of the Parotte-Andrews Co., the

declaration averred the execution by the defendants of the bond set forth and containing the usual conditions for the prosecution of the suit with effect and return of the goods if awarded, the replevy and delivery of them to Kohn, his dismissal of his suit, a judgment thereon against him awarding a return, his failure to make it, and that same defendant in said suit held the goods under an execution upon a judgment theretofore " recovered " by said Parotte-Andrews Co. against Mrs. Stiebel, before A. W. Fallenthal, a justice of the peace of said McDonough county.

It is to be noticed that two recoveries are alleged in this declaration, one by a judgment of the Circuit Court against Kohn in the replevin suit, which is alleged to have awarded a return of the goods, and the other by a judgment of a justice of the peace in favor of the Parotte-Andrews Co. against Mrs. Stiebel.

The pleas on which issues of fact were made, that of *nil debet* having been held bad on demurrer, were, first, *non est factum;* second, " that there is not any record of the recovery in the said declaration mentioned remaining in the Circuit Court of the county of McDonough and State of Illinois, in manner and form," etc.; and third, in bar of all but nominal damages, because the replevin case was not tried on its merits, and the goods there in controversy were not the property of Jennie Stiebel, but of the defendant Kohn.

To the second of these pleas plaintiff replied there is such record of the said recovery remaining in the said justice of the peace court, etc., to which the *similiter* was added.

If this plea was intended and understood to deny that a return was awarded, the replication was not an answer in substance or form, and upon attention called to it should have been stricken from the files as a nullity. But counsel for defendant in error claim to be greatly surprised by the contention of their adversaries, or that anybody should suppose it really applied to the judgment in the replevin suit, although that was the only judgment of the Circuit Court mentioned or referred to in the declaration. They say it was not so treated on the trial; that no allusion to

such an issue was made in the evidence, propositions of law submitted, motion for a new trial or assignment of errors; that applied to that judgment it was not a good plea, but to that of the justice of the peace it was; that at best it was ambiguous because both judgments were mentioned in the declaration, and being taken most strongly against the pleader, should be held to apply to the one to which it was a good plea; that the introduction of the justice of the peace judgment was objected to by the defendant, but that of the replevin judgment was not, and finally, that the *similiter* is conclusive. It is therefore contended that the allegation of the award of a return, not being denied by plea, was conclusively admitted, whatever might be the evidence, as held in Williams v. Boyden, 33 Ill. App. 477.

The record of the judgment in the replevin suit was introduced in evidence and failed to show an award of the return of the goods. No other proof upon that point was offered, and therefore but little was to be said upon it. If the plea traversed the allegation that a return was awarded, the *onus* was upon the plaintiff, if he sought to recover the value of the goods, to show a judgment awarding it, and failing to show it he would be entitled to no more than nominal damages. Vineyard v. Barnes, 124 Ill. 346; Williams v. Boyden, *supra.*

That the finding and judgment for the value of the goods were against the law and the evidence and that the damages allowed were excessive, were among the reasons stated in support of the motion for a new trial and in the assignment of errors. There is no ambiguity in the plea, nor do we know of any reason for holding it better as applied to the justice of the peace judgment than to the other, if its terms admitted as well of the one application as of the other. But they do not. They specify a record of the Circuit Court by its title, and can not be applied to a judgment of any other, especially of one that is not a court of record.

The addition of the *similiter* must, therefore, have been due to oversight, easily accounted for by the fault in the replication. The corresponding pleadings in the two cases

were exactly alike, excepting in some as to names, value of the goods and warrants under which they were held by the defendants in the replevin suit; and the latter only in the designation of the courts from which they issued, both being executions on judgments, one of the Circuit Court and the other of a justice of the peace. In each the declaration averred a judgment of the Circuit Court in the replevin suit awarding a return, and the plea was that no record of such a judgment remained in the said Circuit Court. In one the replication averred that there was· such a record remaining in said Circuit Court, to which the *similiter* was therefore properly added; and the same counsel for the defendant in the other, seeing that it was a replication to a like plea, might naturally and justifiably assume, without looking further, that it also followed the plea and averred a record of the court therein designated and which it had denied, and so join issue.

What the defense evidently sought was to prevent a recovery of more than nominal damages, and on two distinct grounds—that a *retorno* was not awarded, and that the goods were the property of Kohn. The latter was properly set up by the fourth plea. It is held, that in a case like this, *nul tiel record* is not a good plea, because the action is not founded on a record but on a bond. Arnott v. Friel, 50 Ill. 175; Herrick v. Swartwout, 72 Id. 340; Mix v. The People, 86 Id. 329; Tedrick v. Wells, 59 App. 657. In these cases the plea was demurred to, and the demurrer was sustained for the reason stated. In others it was replied to, and the question was therefore not presented. King v. Ramsey, 13 Ill. 618; Goelz v. Joerg, 64 Id. 114. Here also it was not demurred to. The declaration alleged a material fact, an award of a *retorno*, as of record, and which was provable only by a record. If there was no such record, as was alleged, then for all the purposes of this suit there was no such fact. A denial of the existence of any such record was therefore an argumentative denial of the fact, which for that reason, however conclusive as an argument, was technically objectionable. The plea was further faulty in form, in that it

purported to be an answer to the whole declaration, which included the breach of the condition to prosecute the replevin suit with effect, and without delay, and upon proof of it would entitle the plaintiff to nominal damages. But having waived objection for these defects of form, which could have been readily obviated by amendment, and replied to the plea as a sufficient statement of the defense contended, he can not now avail himself of them in any way. And having failed to prove his allegation of a *retorno* awarded, the finding as to damages was against the law and the evidence. The judgment for that reason should be reversed, and the cause remanded for opportunity to the appellee to make such proof if he can.

Upon the issue on the fourth plea, which was reduced to the question whether Kohn bought the goods contained in the counter, we perceive no conflict in the evidence. The facts as shown on either side are undisputed, and the question is whether, in the view of the law, they amount to a sale by the sheriff, and purchase by Kohn, of those goods. But the determination of that question, against appellant, would not make him liable for the goods or their value, in this or any other proceeding, if their return was not awarded. He is only a surety, and his liability strictly limited to a breach of the conditions on the bond. For Kohn's wrong, if any, in taking and holding the goods, he would not be responsible, but only for his failure to prosecute the replevin suit with effect—the only condition shown to have been broken. We therefore refrain from a consideration of the question of ownership.

Reversed and remanded.