# Dora Sterenberg, Administratrix, Plaintiff in Error, v. D. E. Beach, Defendant in Error.

## Gen. No. 6,807.

1. PLEADING, § 100*—*when demurrer is overruled by general issue.* A demurrer to a count of a declaration is overruled by the plea of the general issue.

2. COSTS, § 64*—*what is effect of judgment for costs.* A judgment for costs in favor of defendant is not a judgment in bar, and where objection is made on that ground, the record will be returned by the Appellate Court for the entry of a proper judgment.

3. APPEAL AND ERROR, § 422*—*when lease is not part of declaration and cannot be considered on appeal.* In assumpsit to recover damages for ousting plaintiff from premises which she claims to hold by virtue of a lease, a copy of the lease attached to the declaration forms no part of the declaration though so treated by counsel on appeal, and where there is no bill of exceptions, the lease as a whole is not before the Appellate Court nor subject to discussion, but that court is confined to consideration of so much of the lease as is contained in the declaration.

4. APPEAL AND ERROR, § 563*—*when exception is unnecessary.* It is never necessary to save an exception to a ruling on demurrer.

5. APPEAL AND ERROR, § 426*—*what need not be contained in record.* While one whose demurrer has been overruled must elect to stand by it, he is not required to have the record show that he so elects.

6. APPEAL AND ERROR, § 1307*—*when party is presumed to stand by overruled pleading.* If one whose demurrer is overruled takes no steps from which a waiver of his demurrer is to be presumed, such as asking to plead over, he is presumed to stand by the overruled pleading, and may urge the incorrectness of the ruling in a court of review.

7. PLEADING, § 117*—*failure to deny as admission.* All facts alleged in a law pleading and not traversed in the reply thereto are impliedly admitted.

8. FRAUDS, STATUTE OF, § 96*—*what is effect of part performance.* While the doctrine that part performance of a contract will take a case out of the Statute of Frauds in a case in which such statute is pleaded as a defense to an action on an oral contract is unknown to courts of law, part performance will have such effect, under certain circumstances, in a suit in equity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Sterenberg v. Beach, 219 Ill. App. 68.

9. Frauds, Statute of, § 104*—*what part performance is insufficient to take case out of statute.* In assumpsit to recover damages for ousting plaintiff from possession of land claimed to be held under a valid oral lease, to which defendant pleaded the Statute of Frauds, undenied allegations of the declaration of part performance by taking possession, plowing, fertilizing, etc., *held* not to take the case out of the Statute of Frauds.

10. Landlord and Tenant, § 431*—*when covenant to renew is invalid as indefinite.* The provision in a lease that "the lease is to be extended if both parties agree," is too vague and indefinite to constitute a valid covenant for renewal, and it is only in case that they afterwards agree to renew that there can be a renewal.

11. Landlord and Tenant, § 431*—*what is effect of covenant to renew "if both parties agree."* The provision in a lease that it is "to be extended if both parties agree," does not continue the lease in force after the expiration of the original term so as to prevent the Statute of Frauds from applying against the lessee, no written agreement for renewal having been entered into.

12. Appeal and Error, § 1309*—*what will be presumed as to sufficiency of evidence.* In assumpsit to recover damages for ousting plaintiff who claimed to hold under a valid agreement, in which she files the common counts and the plea of the Statute of Frauds is sustained as a defense, if the plaintiff is entitled to recover for work alleged to have been done on the property in reliance on the oral agreement, she may prove such claim under the common counts or the plea of set-off, and where the record does not contain such proof, the Appellate Court must assume that it was either insufficient or was overcome.

Error to the Circuit Court of Whiteside county; the Hon. Frank D. Ramsay, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed July 16, 1920. Rehearing denied October 12, 1920.

A. M. Blodgett, for plaintiff in error.

Myron C. Rogers, for defendant in error.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Dora Sterenberg, as administratrix of the estate of her deceased husband, Frederick G. Sterenberg,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

brought this suit in assumpsit against D. E. Beach to recover damages for ousting her from certain premises which she claimed to be entitled to hold by virtue of a valid lease between Beach and her husband. She filed a special count upon the alleged agreement and the common counts. Defendant pleaded nonassumpsit to the entire declaration and also a demurrer to the first count, which of course was overruled by the plea of the general issue. Defendant also filed a plea of the Statute of Frauds and also a plea of set-off made up of the consolidated common counts. Plaintiff demurred to the plea of the Statute of Frauds, which was overruled. The parties waived a jury and the cause was tried. The court found for defendant as to plaintiff's alleged causes of action and for plaintiff as to defendant's off-sets, and entered a judgment for costs in favor of defendant, to be paid in due course of administration. No bill of exceptions was taken. Plaintiff has sued out this writ of error to review said record.

Several preliminary matters must be noticed. The state of the record left defendant entitled to a judgment in bar. No judgment in bar was entered. *Town of Magnolia v. Kays*, 200 Ill. App. 122. If this point had been raised by counsel, it would have been our duty to return the record to the court below for the entry of a proper judgment. Where a defendant in an action at law becomes entitled to a judgment in bar, his attorney ought to see to it that such a record is written. Whether it be the fault of the brevity of the minutes kept by or under the direction of the court, or of the carelessness of the clerk, such defective judgments seem to be increasingly frequent.

A copy of the lease relied upon in the first count of the declaration was attached to the declaration. The terms of the lease in the matter here in controversy as pleaded in the first count and as shown in the copy do not entirely agree. Counsel have argued this

case as if the copy were part of the record. It is no part of the declaration, and as there is no bill of exceptions the lease itself is not before the court nor subject to discussion. The only question presented by this record is whether the court erred in overruling the demurrer to the plea of the Statute of Frauds, and the first count of the declaration is the only part of the record at which the court can look for the terms of the lease.

Defendant claims that the ruling of the demurrer cannot be questioned here because the record contains no exception thereto. It is never necessary to save an exception to a ruling on demurrer. *People v. Powell,* 274 Ill. 222. Defendant also contends that as the record does not disclose that plaintiff elected to stand by the demurrer to the plea, plaintiff cannot avail of that demurrer. The party whose demurrer has been overruled must elect to stand by it, but he is not required to have the record show that he elects to stand thereby. If he takes no steps from which a waiver of his demurrer is to be presumed, such as asking leave to plead over, he is presumed to stand by his pleadings which have been overruled, and he may be heard to urge the incorrectness of that ruling in a court of review. *Bennett v. Union Cent. Life Ins. Co.,* 203 Ill. 439.

The first count set up a written lease between defendant and plaintiff's husband for the premises for the term of one year, from the first day of March, 1916, to the first day of March, 1917, and averred that the lease contained a provision that it "be extended if both parties agree for a longer term of one year, to-wit: From the first day of March, 1917, to the first day of March, 1918." The count averred that plaintiff's husband took possession of the premises on March 1, 1916, and continued in uninterrupted occupancy thereof until his death on December 2, 1916, and that he kept all the agreements and covenants of

the lease on his part to be performed. The count further averred that about August 1, 1916, defendant and plaintiff's husband agreed that said lease be extended for a period of one year after March 1, 1917, "and according to the terms, tenor and effect thereof"; and that in pursuance of said extension plaintiff's husband prepared the land for the farming season of 1917 by plowing part of the ground and hauling out and spreading manure over the premises, and did divers other things the benefit of which he was to receive after March 1, 1917. The count further averred that after the death of her husband on December 2, 1916, she was appointed and qualified as administratrix of his estate, and that in January, 1917, defendant refused to keep said agreement and so notified the plaintiff and ousted her from the premises and let them to another for a term to begin March 1, 1917. The plea of the Statute of Frauds set up that this agreement was not in writing as required by the statute, but did not deny the plowing and other things alleged to have been done by plaintiff's husband in reliance upon that agreement. All facts alleged in a law pleading and not traversed in the reply thereto are impliedly admitted. *Capital City Mut. Fire Ins. Co. v. Detwiler*, 23 Ill. App. 656; *Hanchett v. Buckley*, 27 Ill. App. 159; *Williams v. Boyden*, 33 Ill. App. 477; *McNeal v. Calkins*, 50 Ill. App. 17; *Morrill v. Baggott*, 57 Ill. App. 530; *Smith v. Bellrose*, 200 Ill. App. 368; and *People v. Hanson*, 150 Ill. 122, where the point is not referred to in the headnotes. Perhaps the rule is most succinctly stated by McAllister, J., in *Capital City Mut. Fire Ins. Co. v. Detwiler, supra*, as follows. "Whatever is traversable and not traversed is admitted." Therefore this plea admitted the allegations of work done on the land under the oral agreement to extend it for one year, and if these allegations take the case out of the Statute of Frauds, then the special plea was not good.

The doctrine that part performance of a contract will take a case out of the Statute of Frauds, where the Statute of Frauds is pleaded as a defense to an action upon an oral contract, is unknown in courts of law, but under certain circumstances such part performance will have that effect in courts of equity. *Warner v. Hale,* 65 Ill. 395; *Wheeler v. Frankenthal,* 78 Ill. 124; *Creighton v. Sanders,* 89 Ill. 543; *Dougherty v. Catlett,* 129 Ill. 431; *Chicago Attachment Co. v. Davis Sewing Machine Co.,* 142 Ill. 171; *Leavitt v. Stern,* 159 Ill. 526. Several of the above cases concerned leases of real estate. But counsel for plaintiff says he relied upon the decision of this court in *Doubet v. Doubet,* 186 Ill. App. 316, where, on pages 323 *et seq.,* we discussed the question what part performance will take an oral lease of real estate out of the Statute of Frauds, and he says that case was exactly like this. That case was in equity, and there were special equitable considerations which lead to the conclusion there reached. The authorities above cited show that in equity part performance may relieve an oral lease of land from the operation of the Statute of Frauds. We had no occasion there to discuss the question whether, in an action at law, part performance had such a result. We therefore conclude that the allegations in the declaration, not denied by the special plea and therefore admitted, did not take the case out of the Statute of Frauds.

Plaintiff seems to claim that the written lease was really in force for the second year upon this oral agreement being made. We are of opinion that the words in the lease as alleged in the declaration, "The lease to be extended if both parties agree," are too vague and indefinite to constitute a valid covenant for renewal. The lease gave no right to a renewal. It was only in case the parties afterwards agreed to renew it that there could be a renewal. *Streit v. Fay,* 230 Ill. 319; *La Salle Theatre v. Taft,* 156 Ill. App.

356. We therefore conclude that the oral agreement was void because of the Statute of Frauds, and that it was not taken out of the statute by the part performance alleged in the first count of the declaration. The court therefore did not err in overruling the demurrer to said plea.

If plaintiff had any right to recover from defendant for the work alleged to have been done on said farm by her husband in reliance upon said oral agreement, she could make proof of such claim under the common counts in her plea of set-off, and if she offered such proof, which is not in the record, we must assume that it was insufficient or it was overcome, and that the court decided correctly upon that subject.

The judgment is therefore affirmed.

*Affirmed.*